UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROXANNE DAWSON,

                              Plaintiff,


                -against-


STUDENT LOAN SOLUTIONS, LLC and
ROACH & MURTHA ATTORNEYS AT LAW,
P.C.,

                              Defendants.

No. 23 Civ. 9690

COMPLAINT

DEMAND FOR JURY TRIAL

## PRELIMINARY STATEMENT

1.     Plaintiff Roxanne Dawson brings this action to challenge Defendants' unlawful efforts to collect student loan debt without review or possession of the promissory note and years after the statute of limitations had expired.

2.     In 2007, Ms. Dawson obtained a private student loan from Bank of America to fund her attendance at the State University of New York. Ms. Dawson was unable to complete her program of study and faced financial hardship in the years after she left school.

3.     Defendant Student Loan Solutions, LLC ("Student Loan Solutions") is a debt buyer: a company that buys student loan debt from the bank that originally issued it. Student Loan Solutions purchased Ms. Dawson's loan in 2017, *after* the statute of limitations on the loan had already expired.

4.     Student Loan Solutions then retained the law firm Roach & Murtha Attorneys at Law, P.C. ("Roach & Murtha") to collect on the debt.

1

5.      Neither Student Loan Solutions nor Roach & Murtha possessed or reviewed the promissory note for Ms. Dawson's Loan. Instead, they reviewed only a "General Promissory Note Example," which did not contain any terms specific to Ms. Dawson.

6.      Despite these obvious problems, Student Loan Solutions and Roach & Murtha filed a debt collection lawsuit against Ms. Dawson in 2022.

7.      Student Loan Solutions' business model appears to be purchasing old, uncollectible student loan debt, then suing on that debt notwithstanding that it has no legal entitlement to do so and does not possess or review the documents that would be required prove its case. Its purported "theory" of statute of limitations under which a suit would be timely could only rely on the terms of the documents that the company does not review or possess, but, in any event, has no basis in New York law regardless of the note's possible terms. These practices have harmed Ms. Dawson and hundreds of New Yorkers, and will continue to do so unless Defendants are held accountable for their misconduct.

8.      Through her own tenacity and with the eventual assistance of counsel, Ms. Dawson fought the collection action. Nearly a year later, she was able to persuade Defendants to drop the collection action filed against her.

9.      Plaintiff alleges that Defendants' actions violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the FDCPA) and New York General Business Law § 349.

## JURISDICTION AND VENUE

10.      This Court has jurisdiction over Plaintiff's federal claim pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and supplemental jurisdiction over the state law claim

pursuant to 28 U.S.C. § 1367(a).  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201(a) and 2202.

11.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because it is the district where a substantial part of the events giving rise to Plaintiff's claims occurred—namely, it is the district in which Defendants filed and litigated the collection action against Ms. Dawson.

## PARTIES

12.    Plaintiff Roxanne Dawson is a natural person residing in the Bronx, New York.

13.    Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3), in that Plaintiff was alleged to owe a debt stemming from an unpaid balance on a consumer account.

14.    Defendant Student Loan Solutions is a foreign liability company organized under the laws of the state of South Carolina, with its principal place of business at 707 Landfall Drive, Rock Hill, South Carolina. Student Loan Solutions is registered as a debt collection agency with the New York City Department of Consumer Affairs, with license number 2068248-DCA.

15.    Defendant Roach & Murtha is a domestic professional service corporation organized under the laws of the State of New York with its principal place of business located at 500 Bi County Blvd., Suite 475, Farmingdale, NY 11735. Roach & Murtha is a debt collection law firm. Roach & Murtha is registered as a debt collection agency with the New York City Department of Consumer Affairs, with license number 2025270-DCA.

16.    Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6), in that Defendants regularly use the instrumentalities of interstate commerce in their businesses,

the principal purpose of which is the collection of debts, and are engaged in the business of collecting consumer debts via various means, including debt collection lawsuits.

## FACTUAL ALLEGATIONS

17.     Plaintiff Roxanne Dawson is a thirty-five year old resident of the Bronx, New York, who works in the health care field.

18.     In 2007, Ms. Dawson obtained a private student loan (the "Loan") from Bank of America to fund her tuition at the State University of New York. Mr. Dawson's father was the co-signer on the Loan.

19.     Ms. Dawson was unable to finish her program of study and returned home to the Bronx live with her family.

20.     In the years that followed, both Ms. Dawson and her father experienced financial hardship.

21.     On June 29, 2011, Ms. Dawson's father filed for Chapter 7 bankruptcy.

22.     Bank of America "charged off" Ms. Dawson's Loan on July 23, 2012, with a charge off amount of $47,441.33.

23.     When they could afford to, Mr. Dawson and her father made occasional payments on the Loan.

24.     Defendants' records correctly reflect that the last payment on Ms. Dawson's Loan was on April 11, 2013.

25.     On September 11, 2014, the final decree was entered in Ms. Dawson's father's Chapter 7 bankruptcy proceeding and the case was closed.

26.     For the following eight years, Ms. Dawson did not receive a single communication regarding her Loan, and Ms. Dawson's father also did not receive a single

4

communication regarding the Loan. Ms. Dawson understood that the Loan had been resolved through her father's Chapter 7 bankruptcy.

27.    Unbeknownst to Ms. Dawson, on October 31, 2017, Bank of America sold Ms. Dawson's charged-off Loan to Defendant Student Loan Solutions.

28.    On information and belief, Ms. Dawson's Loan was one of nearly 12,000 loans that were sold from Bank of America to Student Loan Solutions in the October 31, 2017 transaction, with an aggregate loan balance of $208 million.

29.    Bank of America sold these loans to Student Loan Solutions "without recourse," meaning that Student Loan Solutions accepted liability from any defects in the loans it purchased. A sale without recourse is often an indication that the debt is of poor quality or uncollectible.

30.    On information and belief, Bank of America accelerated Ms. Dawson's Loan at some point on or about the charge-off date, July 23, 2012 and, in any event, prior to the sale of the Loan to Student Loan Solutions in 2017. Acceleration of a loan is when a lender requires a borrower to pay the full amount of the loan immediately, rather than continuing to pay in monthly installments. Acceleration is governed by the terms of the underlying contract (here, the promissory note). In general, acceleration stops the regular accrual of interest on a loan.

31.    Specifically, the "Bank of America Loan Tape," which is the documentation annexed to the Bill of Sale between Bank of America and Student Loan Solutions executed on October 31, 2017 showing the details of the loans included in the sale, shows a total "current balance" on the Loan of $48,351.77. This amount is very close to the charge off balance in 2012 of $47,441.33. If the "current balance" in 2017 was very close to the balance in 2012, it must

mean that virtually no interest accrued in that intervening period. For that to have happened, the Loan must have been "accelerated" shortly after the charge-off date, in approximately mid-2012.

32.     Student Loan Solutions purports to have sent an acceleration notice to Ms. Dawson in 2021. An acceleration notice is a notice to the borrower that a loan is being accelerated at that time. Ms. Dawson did not receive the 2021 acceleration notice. Further, on information and belief, the Loan could not have been accelerated in 2021, because it had already been accelerated by Bank of America.

33.     On November 7, 2023, Student Loan Solutions, represented by Roach & Murtha, filed a collection lawsuit against Ms. Dawson in in New York City Civil Court, Bronx County ("Bronx Civil Court"), *Student Loan Solutions, LLC. v. Roxanne Dawson*, Index Number CV-010465-22/BX (the "Collection Action").

34.     The Collection Action sought to collect $18,574.78 from Ms. Dawson pursuant to the Loan.

35.     The complaint in the Collection Action characterized this amount as principal due on the Loan.

36.     In supporting documentation later produced by Student Loan Solutions to Ms. Dawson in discovery in the Collection Action, Student Loan Solutions characterized the $18,574.78 as the principal portion of installment payments purportedly due for the three years leading up to the suit and the subsequent eight years stretching into the future.

37.     The complaint in the Collection Action acknowledged that Ms. Dawson's last payment on the Loan was on April 11, 2013.

38.     Timothy Murtha, a principal of Defendant Roach & Murtha, affirmed that the complaint in the Collection Action was "true to [his] knowledge."

39.     Roach & Murtha, on behalf of Student Loan Solutions, submitted an affidavit of service in which process server Martha Falls swore that she served Ms. Dawson on December 6, 2022, by handing a copy of the summons and complaint to a "Jane Doe," identified as "a black-haired black female contact 55-65 years of age, 5'6"-5'8" tall and weighing 200-240lbs with an accent" and mailing the summons and complaint to the same address.

40.     This affidavit of service is false. No one matching the description resides in Ms. Dawson's apartment. Further, the affidavit of service purports to have effectuated service at Ms. Dawson's father's apartment, which is in the same building as Ms. Dawson's apartment but not where Ms. Dawson resides. No one matching the description resides in Ms. Dawson's father's apartment. No one living at Ms. Dawson's apartment or her father's apartment was ever served with the summons and complaint regarding the Collection Action. Ms. Dawson was not ever lawfully served with the summons and complaint.

41.     Ms. Dawson first became aware of the Collection Action on or about December 2022, when her father alerted her that court papers had been left in their building's mailbox.

42.     At the time her father alerted her of the court papers, Ms. Dawson was out of town. When she returned to New York City, Ms. Dawson diligently went to Bronx Civil Court, and filed an answer in the Collection Action, *pro se*, on January 17, 2023.

43.     In her *pro se* answer, Ms. Dawson raised both statute of limitations and laches as defenses to the Collection Action.

44.     The statute of limitations applicable to Ms. Dawson's Loan is three years. This is true because New York law "borrows" the statute of limitations applicable to the original creditor's home state (here, North Carolina), and an action must be timely under both states' laws.

45.    Defendants do not dispute that the statute of limitations applicable to Ms. Dawson's Loan is three years.

46.    In supporting documentation later produced by Student Loan Solutions to Ms. Dawson in discovery, Student Loan Solutions repeatedly stated that the statute of limitations for the Loan is three years, with the basis that "New York borrows North Carolina SOL of 3 years."

47.    The general rule is that the statute of limitations on a student loan debt accrues one month following the borrower's last payment on the loan (i.e., the date of the next missed payment), which is when the loan goes into default.

48.    Because Ms. Dawson's last payment was in 2013, the statute of limitations on Ms. Dawson's Loan expired in 2016.

49.    Ms. Dawson appeared in Bronx Civil Court on July 11, 2023. At this court date, Ms. Dawson was represented by a limited-scope volunteer attorney through the New York City Civil Court's Volunteer Lawyer for a Day ("VLFD") program.

50.    With the assistance of her volunteer attorney, Ms. Dawson sought discovery from Student Loan Solutions regarding the Loan.

51.    In response to Ms. Dawson's discovery request, Student Loan Solutions did not produce a promissory note signed by Ms. Dawson. Rather, Student Loan Solutions produced two pages of a document titled "Loan Request/Credit Agreement." That document stated that the two pages were part of a seven-page document, but the additional five pages were not produced.

52.    Student Loan Solutions also produced a "General Promissory Note Example." This "Example" is not the promissory note governing Ms. Dawson's Loan.

53.    The "Example" does not contain any terms specific to Ms. Dawson, nor does it contain Ms. Dawson's signature. The fields on the "Example" for borrower name, borrower

identifying information, school, loan amount, loan program, co-signer name and identifying information, and borrower and co-signer signatures are all blank. The only specific term filled in in the "General Promissory Note Example" identifies Bank of America as the lender.

54.     On information and belief, Defendants did not possess, and thus did not review, the actual promissory note for Ms. Dawson's Loan prior to filing the Collection Action, and still do not possess this document.

55.     In response to Ms. Dawson's discovery request, Student Loan Solutions did not produce any documents relating to Bank of America's collection efforts on Ms. Dawson's Loan or any correspondence with Bank of America regarding the Loan.

56.     On information and belief, Defendants did not possess, and thus did not review, any documents relating to Bank of America's collection efforts on Ms. Dawson's Loan or any correspondence with Bank of America regarding the Loan prior to filing the Collection Action, and still do not possess these documents.

57.     On information and belief, no attorney at Roach & Murtha meaningfully reviewed the documentation underlying Ms. Dawson's Loan prior to filing the Collection Action; if they had, they would have been alerted that the statute of limitations expired years ago and that significant documentation, including the promissory note, was missing.

58.     After her court date, Ms. Dawson retained undersigned counsel, a free legal services provider.

59.     On October 6, 2023, undersigned counsel wrote a letter to Roach & Murtha requesting that the Collection Action be discontinued because it was filed years after the statute of limitations expired and because Defendants did not possess the promissory note for the Loan.

60.     On October 19, 2023, Roach & Murtha agreed to "close [Ms. Dawson's] file and dismiss the lawsuit."

61.     On October 26, 2023, Roach & Murtha and undersigned counsel executed a stipulation of discontinuance for the Collection Action, which Roach & Murtha submitted to Bronx Civil Court for filing.

62.     Student Loan Solutions is a debt buyer: a company that buys student loan debt from the bank that originally issued it. Debt buyers often purchase debts for pennies on the dollar and attempt to collect on those debts for profit.

63.     Student Loan Solutions' business model appears to be purchasing old, uncollectible student loan debt without requisite underlying documentation and then suing on that debt notwithstanding that it has no legal entitlement to do so.

64.     In an attempt to justify this misconduct, the documentation produced by Student Loan Solutions provides a purported "theory" of statute of limitations that is legally frivolous and factually incorrect.

65.     First, Student Loan Solutions' baseless "theory" of statute of limitations would rely on the terms of the promissory note underlying the Loan governing default and acceleration. But Student Loan Solutions does not possess the promissory note, and thus cannot assert a statute of limitations argument necessarily based on those terms.

66.     Second, Student Loan Solutions' baseless "theory" of statute of limitations rests on facts Student Loan Solutions knows are false. Specifically, the "theory" is based on Student Loan Solutions' statement that the Loan was accelerated in 2021. On information and belief, this statement is misleading, as it was made without review or possession of the documentation from

Bank of America that would allow determination of the actual acceleration date. On information and belief, this statement is also false, as the Loan was accelerated substantially before that time.

67.     Indeed, on information and belief, the 2021 acceleration notice was misleading, as it was sent without review or possession of the documentation from Bank of America that would allow determination of the actual acceleration date. On information and belief, that notice was also false, as the Loan was accelerated substantially before that time. This false and misleading notice was designed to conceal its fraudulent nature by omitting that Student Loan Solutions had not reviewed the documentation that would have shown whether and when the Loan was previously accelerated by Bank of America.

68.     Third, Student Loan Solutions' baseless "theory" of statute of limitations improperly characterizes this Loan as payable in installments. Student Loan Solutions has no factual basis to characterize the Loan that way, since it does not possess the promissory note. This characterization also contravenes all applicable legal support.

69.     On information and belief, Student Loan Solutions knows that this purported "theory" is legally frivolous. The documents Student Loan Solutions produced to support its frivolous installment payment theory suggest that, were the Loan an installment contract, the balance of the Loan in July 2012 would have been approximately $114,000. However, Bank of America's own documentation reflects that the balance of the Loan in July 2012 was approximately $48,000.

70.     An interest capitalization table, produced by Student Loan Solutions to Ms. Dawson, shows that this Loan accrued and capitalized interest at regular intervals, which is inconsistent with the Loan being an installment loan.

11

71. In one extremely similar case, the New York Supreme Court, Kings County, found that a lawsuit brought by Student Loan Solutions based on a Bank of America private student loan assigned to Student Loan Solutions in the same transaction as Ms. Dawson's Loan was barred by the statute of limitations for these exact reasons. *See* Decision and Order, Dkt. #35, Decision and Order after Reconsideration, Dkt. #53, *Student Loan Solutions, LLC v. Colon*, No. 512313/2019 (Kings County Supreme Court).

72. Public court databases show that there are at least a dozen additional cases in which Defendants sued New York consumers on private student loans assigned from Bank of America to Student Loan Solutions in the same transaction as Ms. Dawson's Loan. In all of them, the last payment on the loan was more than three years prior to the suit.

73. Public court databases show that there are hundreds of cases brought in New York State by Student Loan Solutions to collect on private student loans assigned to it. Roach & Murtha has represented Student Loan Solutions in dozens of these lawsuits. On information and belief, many of these cases arise out of loans assigned from Bank of America to Student Loan Solutions in the same transaction as Ms. Dawson's Loan.

74. Student Loan Solutions has been sued many times across the country for similar misconduct. *See, e.g.*, *Shadrin v. Student Loan Solutions, LLC* (D. Md. 2020); *Facey v. Student Loan Solutions, LLC* (N.D. Ill. 2018); *Johnson v. Student Loan Solutions, LLC* (E.D. Penn. 2020); *Schick v. Student Loan Solutions, LLC* (W.D. Wash. 2020); *Cornett v. Student Loan Solutions, LLC* (E.D. Ky. 2020); *Hoffnagle v. Student Loan Solutions, LLC* (D. Conn. 2023). Courts have found that Student Loan Solutions' collection actions were filed after the statute of limitations, in violation of law.

75.     The Student Borrower Protection Center, a nonprofit organization focused on student debt, has explained that "predatory collection tactics, including abuse of the courts, are widespread in the private student loan industry. Borrowers across the country are subject to or at risk of predatory actions by investors, creditors, and debt collectors who profited off the subprime private student loan boom and continue to pursue these debts. Some of these players include Navient, Jefferson Capital, Arrowood Indemnity, **Student Loan Solutions**, and Turnstile Capital Management." (emphasis added).[1]

76.     Defendants have engaged in their unlawful conduct knowingly and willfully.

77.     As a result of Defendants' actions, Ms. Dawson experienced emotional and financial harm. Ms. Dawson spent time and money to travel twice to Bronx Civil Court and otherwise challenge the lawsuit filed against her, including transportation and unpaid missed work resulting in lost wages. As a result of the case filed against her, Ms. Dawson experienced emotional distress; the lawsuit made her feel very anxious, leading to health challenges and delaying potential plans to move outside of New York City, as she was too worried about the possibility that she might miss a court date or an important mailing.

**FIRST CAUSE OF ACTION**
Violation of the FDCPA, 15 U.S.C. §§ 1629e, 1692f, 1692g

78.     The FDCPA, 15 U.S.C. § 1692e, prohibits a debt collector from using a "false, deceptive, or misleading representation or means in connection with the collection of any debt."

79.     The FDCPA, 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

80.     The FDCPA, 15 U.S.C. § 1692g, requires that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector

---

[1] https://protectborrowers.org/wp-content/uploads/2021/03/Dubious-Debts_2021.pdf

shall . . . send the consumer a written notice containing," among other things, a statement of the consumer's right to dispute the debt and to obtain the name and address of the original creditor.

81.    Defendants violated the FDCPA, §§ 1692e, 1692f, 1692g, by making false, deceptive, and misleading representations, engaging in unfair and unconscionable practices, and failing to send required notices. Defendants' violations included, but were not limited to:

    a.  Filing a lawsuit without review and possession of the promissory note underlying the Loan;

    b.  Filing a lawsuit without review and possession of other necessary documentation;

    c.  Filing a lawsuit after the statute of limitations expired;

    d.  Filing a lawsuit without lawful service of process;

    e.  Filing a lawsuit without undertaking a meaningful attorney review of the case;

    f.  Failing to send a validation notice; and

    g.  Sending a false or misleading acceleration notice.

82.    Defendants' wrongful and deceptive acts have caused injury and damages to Plaintiff.

83.    As a direct and proximate result of Defendants' violations, Plaintiff has suffered compensable harm and is entitled to recover actual and statutory damages, costs, and attorneys' fees.

### SECOND CAUSE OF ACTION
Violation of N.Y. Gen. Bus. § 349
Against All Defendants

84.    New York General Business Law § 349 prohibits "[d]eceptive acts or practices in the conduct of any business . . . in this state" and provides that "any person who has been injured by reason of any violation of this section may bring an action in his own name" for injunctive relief, damages, and attorneys' fees.

85.     Defendants violated N.Y. Gen. Bus. § 349 by engaging in deceptive acts and practices in the conduct of their business. Defendants' violations included, but were not limited to:

    a.   Filing a lawsuit without review and possession of the promissory note underlying the Loan;

    b.   Filing a lawsuit without review and possession of other necessary documentation;

    c.   Filing a lawsuit after the statute of limitations expired;

    d.   Filing a lawsuit without lawful service of process;

    e.   Filing a lawsuit without undertaking a meaningful attorney review of the case;

    f.   Failing to send a validation notice; and

    g.   Sending a false or misleading acceleration notice.

86.     Defendants' actions were consumer oriented and had a broad impact on New York consumers at large. Indicia that Defendants' actions were consumer-oriented include, but are not limited to, the fact that Defendants' actions as to Ms. Dawson were nearly identical to their actions as to other consumers across New York State.

87.     Defendants committed the above-described acts willfully and/or knowingly.

88.     Defendants' wrongful and deceptive acts have caused injury and damages to Plaintiff and unless enjoined, will cause further irreparable injury.

89.     As a direct and proximate result of Defendants' violations, Plaintiff has suffered compensable harm and is entitled to recover actual and treble damages, costs, and attorneys' fees.

WHEREFORE, Plaintiff requests that this Court enter judgment jointly and severally as against all Defendants:

    a.   Declaring that Defendants have committed the violations of law alleged in this action;

b. Enjoining and directing all Defendants to cease engaging in debt collection practices that violate the FDCPA and New York General Business Law § 349;

c. Awarding to Plaintiff:

      i. actual and/or compensatory damages against all Defendants in an amount to be proven at trial;

      ii. statutory damages pursuant to the FDCPA;

      iii. treble damages pursuant to N.Y. G.B.L. § 349(h);

      iv. disbursements, costs, and attorneys' fees pursuant to the FDCPA and N.Y. G.B.L. § 349; and

d. Granting such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: November 2, 2023

Lisa Rivera, Esq.
NEW YORK LEGAL ASSISTANCE GROUP
100 Pearl St., 19th Floor
New York, NY 10004
(212) 613-5000

By:

Jessica Ranucci, of counsel
Danielle Tarantolo, of counsel
(212) 613-7578
jranucci@nylag.org
dtarantolo@nylag.org

16