UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROXANNE DAWSON, individually and on behalf
of all persons similarly situated,

Plaintiff,

-against-

STUDENT LOAN SOLUTIONS, LLC and
ROACH & MURTHA ATTORNEYS AT LAW,
P.C.,

Defendants.

No. 23 Civ. 9690

**AMENDED COMPLAINT**

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

**PRELIMINARY STATEMENT**

1.      Plaintiff Roxanne Dawson brings this action to challenge Defendants' unlawful efforts to collect student loan debt without review or possession of the promissory note and years after the statute of limitations had expired. Ms. Dawson brings certain of her claims on behalf of herself and a class of similarly situated borrowers against Defendant Student Loan Solutions, LLC ("Student Loan Solutions").

2.      In 2007, Ms. Dawson obtained a private student loan from Bank of America to fund her attendance at the State University of New York. Ms. Dawson was unable to complete her program of study and faced financial hardship in the years after she left school.

3.      Defendant Student Loan Solutions is a debt buyer: a company that buys student loan debt from the bank that originally issued it. Student Loan Solutions purchased Ms. Dawson's loan in 2017, *after* the statute of limitations on the loan had already expired.

4.      Student Loan Solutions then retained the law firm Roach & Murtha Attorneys at Law, P.C. ("Roach & Murtha") to collect on the debt.

1

5.      Neither Student Loan Solutions nor Roach & Murtha possessed or reviewed the promissory note for Ms. Dawson's Loan. Instead, they reviewed only a "General Promissory Note Example," which did not contain any terms specific to Ms. Dawson.

6.      Despite these obvious problems, Student Loan Solutions and Roach & Murtha filed a debt collection lawsuit against Ms. Dawson in 2022.

7.      Student Loan Solutions' business model appears to be purchasing old, uncollectible student loan debt, then suing on that debt notwithstanding that it has no legal entitlement to do so and does not possess or review the documents that would be required prove its case. Its purported "theory" of statute of limitations under which a suit would be timely could only rely on the terms of the documents that the company does not review or possess, but, in any event, has no basis law regardless of the note's possible terms. These practices have harmed Ms. Dawson and hundreds or thousands of others, and will continue to do so unless Defendants are held accountable for their misconduct.

8.      Through her own tenacity and with the eventual assistance of counsel, Ms. Dawson fought the collection action. Nearly a year later, she was able to persuade Defendants to drop the collection action filed against her.

9.      Plaintiff alleges that Defendants' actions violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the FDCPA) and New York General Business Law § 349.

10.      Plaintiff further alleges claims against Defendant Student Loan Solutions on behalf of herself and thousands of putative class members arising from false or misleading statements by Student Loan Solutions about acceleration of Class Members' student loans.

**JURISDICTION AND VENUE**

11.     This Court has jurisdiction over Plaintiff's federal claim pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367(a).  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201(a) and 2202.

12.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because it is the district where a substantial part of the events giving rise to Plaintiff's claims occurred—namely, it is the district in which Defendants filed and litigated the collection action against Ms. Dawson.

**PARTIES**

13.     Plaintiff Roxanne Dawson is a natural person residing in the Bronx, New York.

14.     Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3), in that Plaintiff was alleged to owe a debt stemming from an unpaid balance on a consumer account.

15.     Defendant Student Loan Solutions is a foreign liability company organized under the laws of the state of South Carolina, with its principal place of business at 707 Landfall Drive, Rock Hill, South Carolina. Student Loan Solutions is registered as a debt collection agency with the New York City Department of Consumer Affairs, with license number 2068248-DCA.

16.     Defendant Student Loan Solutions is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

17.     Defendant Student Loan Solutions regularly uses the instrumentalities of interstate commerce or the mails in its business.

3

18.     The principal purpose of the business of Student Loan Solutions is the collection of debts.

19.     Student Loan Solutions is engaged in the business of collecting consumer debts via various means, including debt collection lawsuits.

20.     Defendant Roach & Murtha is a domestic professional service corporation organized under the laws of the State of New York with its principal place of business located at 500 Bi County Blvd., Suite 475, Farmingdale, NY 11735. Roach & Murtha is a debt collection law firm. Roach & Murtha is registered as a debt collection agency with the New York City Department of Consumer Affairs, with license number 2025270-DCA.

21.     Roach & Murtha is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), in that Roach & Murtha regularly uses the instrumentalities of interstate commerce in its business, the principal purpose of which is the collection of debts, and is engaged in the business of collecting consumer debts via various means, including debt collection lawsuits.

## FACTUAL ALLEGATIONS

22.     Plaintiff Roxanne Dawson is a thirty-five year old resident of the Bronx, New York, who works in the health care field.

23.     In 2007, Ms. Dawson obtained a private student loan (the "Loan") from Bank of America to fund her tuition at the State University of New York. Mr. Dawson's father was the co-signer on the Loan.

24.     Ms. Dawson was unable to finish her program of study and returned home to the Bronx live with her family.

25.     In the years that followed, both Ms. Dawson and her father experienced financial hardship.

26.     On June 29, 2011, Ms. Dawson's father filed for Chapter 7 bankruptcy.

27.     Bank of America "charged off" Ms. Dawson's Loan on July 23, 2012, with a charge off amount of $47,441.33.

28.     When they could afford to, Mr. Dawson and her father made occasional payments on the Loan.

29.     Defendants' records correctly reflect that the last payment on Ms. Dawson's Loan was on April 11, 2013.

30.     On September 11, 2014, the final decree was entered in Ms. Dawson's father's Chapter 7 bankruptcy proceeding and the case was closed.

31.     For the following eight years, Ms. Dawson did not receive a single communication regarding her Loan, and Ms. Dawson's father also did not receive a single communication regarding the Loan. Ms. Dawson understood that the Loan had been resolved through her father's Chapter 7 bankruptcy.

32.     Unbeknownst to Ms. Dawson, on October 31, 2017, Bank of America sold Ms. Dawson's charged-off Loan to Defendant Student Loan Solutions.

33.     On information and belief, Ms. Dawson's Loan was one of nearly 12,000 loans that were sold from Bank of America to Student Loan Solutions in the October 31, 2017 transaction, with an aggregate loan balance of $208 million.

34.     Bank of America sold these loans to Student Loan Solutions "without recourse," meaning that Student Loan Solutions accepted liability from any defects in the loans it purchased. A sale without recourse is often an indication that the debt is of poor quality or uncollectible.

35.     On information and belief, Bank of America accelerated Ms. Dawson's Loan at some point on or about the charge-off date, July 23, 2012 and, in any event, prior to the sale of the Loan to Student Loan Solutions in 2017. Acceleration of a loan is when a lender requires a borrower to pay the full amount of the loan immediately, rather than continuing to pay in monthly installments. Acceleration is governed by the terms of the underlying contract (here, the promissory note). In general, acceleration stops the regular accrual of interest on a loan.

36.     Specifically, the "Bank of America Loan Tape," which is the documentation annexed to the October 31, 2017 Loan Sale Agreement executed by Debra J. Minton, Senior Vice President of Bank of America, and Christopher P. Ruh, General Manager of Student Loan Solutions (the "Loan Sale Agreement"), shows the details of the loans included in the sale. That documentation shows a total "current balance" on the Loan of $48,351.77. This amount is very close to the charge off balance in 2012 of $47,441.33. If the "current balance" in 2017 was very close to the balance in 2012, it must mean that virtually no interest accrued in that intervening period. For that to have happened, the Loan must have been "accelerated" shortly after the charge-off date, in approximately mid-2012. To be clear, Plaintiff does not allege that charge off itself accelerated the Loan.

37.     Student Loan Solutions purports to have sent an acceleration notice to Ms. Dawson in 2021. An acceleration notice is a notice to the borrower that a loan is being accelerated at that time. Ms. Dawson did not receive the 2021 acceleration notice. Further, on information and belief, the Loan could not have been accelerated in 2021, because it had already been accelerated by Bank of America.

38.     On November 7, 2022, Student Loan Solutions, represented by Roach & Murtha, filed a collection lawsuit against Ms. Dawson in in New York City Civil Court, Bronx County

6

("Bronx Civil Court"), *Student Loan Solutions, LLC. v. Roxanne Dawson*, Index Number CV-010465-22/BX (the "Collection Action").

39. The Collection Action sought to collect $18,574.78 from Ms. Dawson pursuant to the Loan.

40. The complaint in the Collection Action characterized this amount as principal due on the Loan.

41. In supporting documentation later produced by Student Loan Solutions to Ms. Dawson in discovery in the Collection Action, Student Loan Solutions characterized the $18,574.78 as the principal portion of installment payments purportedly due for the three years leading up to the suit and the subsequent eight years stretching into the future.

42. The complaint in the Collection Action acknowledged that Ms. Dawson's last payment on the Loan was on April 11, 2013.

43. Timothy Murtha, a principal of Defendant Roach & Murtha, affirmed that the complaint in the Collection Action was "true to [his] knowledge."

44. Roach & Murtha, on behalf of Student Loan Solutions, submitted an affidavit of service in which process server Martha Falls swore that she served Ms. Dawson on December 6, 2022, by handing a copy of the summons and complaint to a "Jane Doe," identified as "a black-haired black female contact 55-65 years of age, 5'6"-5'8" tall and weighing 200-240lbs with an accent" and mailing the summons and complaint to the same address.

45. This affidavit of service is false. No one matching the description resides in Ms. Dawson's apartment. Further, the affidavit of service purports to have effectuated service at Ms. Dawson's father's apartment, which is in the same building as Ms. Dawson's apartment but not where Ms. Dawson resides. No one matching the description resides in Ms. Dawson's father's

apartment. No one living at Ms. Dawson's apartment or her father's apartment was ever served with the summons and complaint regarding the Collection Action. Ms. Dawson was not ever lawfully served with the summons and complaint.

46.    Ms. Dawson first became aware of the Collection Action on or about December 2022, when her father alerted her that court papers had been left in their building's mailbox.

47.    At the time her father alerted her of the court papers, Ms. Dawson was out of town. When she returned to New York City, Ms. Dawson diligently went to Bronx Civil Court, and filed an answer in the Collection Action, *pro se*, on January 17, 2023.

48.    In her *pro se* answer, Ms. Dawson raised both statute of limitations and laches as defenses to the Collection Action.

49.    The statute of limitations applicable to Ms. Dawson's Loan is three years. This is true because New York law "borrows" the statute of limitations applicable to the original creditor's home state (here, North Carolina), and an action must be timely under both states' laws.

50.    Defendants do not dispute that the statute of limitations applicable to Ms. Dawson's Loan is three years.

51.    In supporting documentation later produced by Student Loan Solutions to Ms. Dawson in discovery, Student Loan Solutions repeatedly stated that the statute of limitations for the Loan is three years, with the basis that "New York borrows North Carolina SOL of 3 years."

52.    The general rule is that the statute of limitations on a student loan debt accrues one month following the borrower's last payment on the loan (i.e., the date of the next missed payment), which is when the loan goes into default.

53.    Because Ms. Dawson's last payment was in 2013, the statute of limitations on Ms. Dawson's Loan expired in 2016.

54.    Ms. Dawson appeared in Bronx Civil Court on July 11, 2023. At this court date, Ms. Dawson was represented by a limited-scope volunteer attorney through the New York City Civil Court's Volunteer Lawyer for a Day ("VLFD") program.

55.    With the assistance of her volunteer attorney, Ms. Dawson sought discovery from Student Loan Solutions regarding the Loan.

56.    In response to Ms. Dawson's discovery request, Student Loan Solutions did not produce a promissory note signed by Ms. Dawson. Rather, Student Loan Solutions produced two pages of a document titled "Loan Request/Credit Agreement." That document stated that the two pages were part of a seven-page document, but the additional five pages were not produced.

57.    Student Loan Solutions also produced a "General Promissory Note Example." This "Example" is not the promissory note governing Ms. Dawson's Loan.

58.    The "Example" does not contain any terms specific to Ms. Dawson, nor does it contain Ms. Dawson's signature. The fields on the "Example" for borrower name, borrower identifying information, school, loan amount, loan program, co-signer name and identifying information, and borrower and co-signer signatures are all blank. The only specific term filled in in the "General Promissory Note Example" identifies Bank of America as the lender.

59.    On information and belief, Defendants did not possess, and thus did not review, the actual promissory note for Ms. Dawson's Loan prior to filing the Collection Action, and still do not possess this document.

9

60.     In response to Ms. Dawson's discovery request, Student Loan Solutions did not produce any documents relating to Bank of America's collection efforts on Ms. Dawson's Loan or any correspondence with Bank of America regarding the Loan.

61.     On information and belief, Defendants did not possess or did not review any documents relating to Bank of America's collection efforts on Ms. Dawson's Loan or any correspondence with Bank of America regarding the Loan prior to filing the Collection Action. In the alternative, on information and belief, Student Loan Solutions did possess and review such documentation from Bank of America, but collected on the Loan notwithstanding that this documentation showed that it was not entitled to do so.

62.     On information and belief, no attorney at Roach & Murtha meaningfully reviewed the documentation underlying Ms. Dawson's Loan prior to filing the Collection Action; if they had, they would have been alerted that the statute of limitations expired years ago and that significant documentation, including the promissory note, was missing.

63.     After her court date, Ms. Dawson retained undersigned counsel, a free legal services provider.

64.     On October 6, 2023, undersigned counsel wrote a letter to Roach & Murtha requesting that the Collection Action be discontinued because it was filed years after the statute of limitations expired and because Defendants did not possess the promissory note for the Loan.

65.     On October 19, 2023, Roach & Murtha agreed to "close [Ms. Dawson's] file and dismiss the lawsuit."

66.     On October 26, 2023, Roach & Murtha and undersigned counsel executed a stipulation of discontinuance without prejudice for the Collection Action, which Roach & Murtha submitted to Bronx Civil Court for filing.

10

67. Student Loan Solutions is a debt buyer: a company that buys student loan debt from the bank that originally issued it. Debt buyers often purchase debts for pennies on the dollar and attempt to collect on those debts for profit.

68. Student Loan Solutions' business model appears to be purchasing old, uncollectible student loan debt without requisite underlying documentation and then suing on that debt notwithstanding that it has no legal entitlement to do so.

69. In an attempt to justify this misconduct, the documentation produced by Student Loan Solutions provides a purported "theory" of statute of limitations that is legally frivolous and factually incorrect.

70. First, Student Loan Solutions' baseless "theory" of statute of limitations would rely on the terms of the promissory note underlying the Loan governing default and acceleration. But Student Loan Solutions does not possess the promissory note, and thus cannot assert a statute of limitations argument necessarily based on those terms.

71. Second, Student Loan Solutions' baseless "theory" of statute of limitations rests on facts Student Loan Solutions knows are false. Specifically, the "theory" is based on Student Loan Solutions' statement that the Loan was accelerated in 2021. On information and belief, this statement is misleading, as it was made without review or possession of the documentation from Bank of America that would allow determination of the actual acceleration date. On information and belief, this statement is also false, as the Loan was accelerated substantially before that time.

72. Indeed, on information and belief, the 2021 acceleration notice was misleading, as it was sent without review or possession of the documentation from Bank of America that would allow determination of the actual acceleration date. On information and belief, that notice was also false, as the Loan was accelerated substantially before that time. This false and misleading

11

notice was designed to conceal its fraudulent nature by omitting that Student Loan Solutions had not reviewed the documentation that would have shown whether and when the Loan was previously accelerated by Bank of America.

73.     Third, Student Loan Solutions' baseless "theory" of statute of limitations improperly characterizes this Loan as payable in installments. Student Loan Solutions has no factual basis to characterize the Loan that way, since it does not possess the promissory note. This characterization also contravenes all applicable legal support.

74.     On information and belief, Student Loan Solutions knows that this purported "theory" is legally frivolous. The documents Student Loan Solutions produced to support its frivolous installment payment theory suggest that, were the Loan an installment contract, the balance of the Loan in July 2012 would have been approximately $114,000. However, Bank of America's own documentation reflects that the balance of the Loan in July 2012 was approximately $48,000.

75.     An interest capitalization table, produced by Student Loan Solutions to Ms. Dawson, shows that this Loan accrued and capitalized interest at regular intervals, which is inconsistent with the Loan being an installment loan.

76.     In one extremely similar case, the New York Supreme Court, Kings County, found that a lawsuit brought by Student Loan Solutions based on a Bank of America private student loan assigned to Student Loan Solutions in the same transaction as Ms. Dawson's Loan was barred by the statute of limitations for these exact reasons. *See* Decision and Order, Dkt. #35, Decision and Order after Reconsideration, Dkt. #53, *Student Loan Solutions, LLC v. Colon*, No. 512313/2019 (Kings County Supreme Court).

12

77. Public court databases show that there are at least a dozen additional cases in which Defendants sued New York consumers on private student loans assigned from Bank of America to Student Loan Solutions in the same transaction as Ms. Dawson's Loan. In all of them, the last payment on the loan was more than three years prior to the suit.

78. Public court databases show that there are hundreds of cases brought in New York State by Student Loan Solutions to collect on private student loans assigned to it. Roach & Murtha has represented Student Loan Solutions in dozens of these lawsuits. On information and belief, many of these cases arise out of loans assigned from Bank of America to Student Loan Solutions in the same transaction as Ms. Dawson's Loan.

79. Student Loan Solutions has been sued many times across the country for similar misconduct. *See, e.g.*, *Shadrin v. Student Loan Solutions, LLC* (D. Md. 2020); *Facey v. Student Loan Solutions, LLC* (N.D. Ill. 2018); *Johnson v. Student Loan Solutions, LLC* (E.D. Penn. 2020); *Schick v. Student Loan Solutions, LLC* (W.D. Wash. 2020); *Cornett v. Student Loan Solutions, LLC* (E.D. Ky. 2020); *Hoffnagle v. Student Loan Solutions, LLC* (D. Conn. 2023). Courts have found that Student Loan Solutions' collection actions were filed after the statute of limitations, in violation of law.

80. The Student Borrower Protection Center, a nonprofit organization focused on student debt, has explained that "predatory collection tactics, including abuse of the courts, are widespread in the private student loan industry. Borrowers across the country are subject to or at risk of predatory actions by investors, creditors, and debt collectors who profited off the subprime private student loan boom and continue to pursue these debts. Some of these players

include Navient, Jefferson Capital, Arrowood Indemnity, **Student Loan Solutions**, and Turnstile Capital Management." (emphasis added).[1]

81.    Defendants have engaged in their unlawful conduct knowingly and willfully.

82.    As a result of Defendants' actions, Ms. Dawson experienced emotional and financial harm. Ms. Dawson spent time and money to travel twice to Bronx Civil Court and otherwise challenge the lawsuit filed against her, including transportation and unpaid missed work resulting in lost wages. As a result of the case filed against her, Ms. Dawson experienced emotional distress; the lawsuit made her feel very anxious, leading to health challenges and delaying potential plans to move outside of New York City, as she was too worried about the possibility that she might miss a court date or an important mailing.

## **CLASS ACTION ALLEGATIONS**

83.    Plaintiff brings claims against Defendant Student Loan Solutions, pursuant to Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of herself and as a representative of a Class consisting of:

> All individuals from whom Student Loan Solutions collected, or attempted to collect, on a student loan that Student Loan Solutions purchased from Bank of America on October 31, 2017.

84.    Each Class Member's loan was sold from Bank of America to Student Loan Solutions.

85.    On information and belief, each Class Member's loan was sold from Bank of America to Student Loan Solutions pursuant to the Loan Sale Agreement.

86.    The Loan Sale Agreement represented that Bank of America deemed all loans covered by the Agreement to be "non-performing private student loans."

---

[1] https://protectborrowers.org/wp-content/uploads/2021/03/Dubious-Debts_2021.pdf

14

87.     The Loan Sale Agreement sold the loans from Bank of America to Student Loan Solutions on an "as is, where is" basis.

88.     The Loan Sale Agreement sold the loans from Bank of America to Student Loan Solutions without recourse.

89.     The Loan Sale Agreement specified that the price paid by Student Loan Solutions for Class Members' loans "reflects the quality of the assets (including any faults, defects, or other adverse matters that may be associated with the Purchased Loans) and the 'as is, where is' and 'with all faults' nature of the sale."

90.     The Loan Sale Agreement required Student Loan Solutions to "acknowledge[] and agree[] that it has been fully informed as to the nature of the Purchased Loans, including that the Purchased Loans are in default, many have been in default for a significant period of time and that the Initial Purchased Loans have been charged-off by Seller, and each other Purchased Loan will have been charged-off, and has agreed to purchase them as contemplated by this Agreement."

91.     Pursuant to the Loan Sale Agreement, Student Loan Solutions obtained from Bank of America "information regarding servicing and collection efforts by any servicer or agent on behalf of [Bank of America] made through the applicable Purchase date."

92.     The class is so numerous that joinder of all Class Members in this action would be impracticable.

93.     On information and belief, 11,781 loans for 9,760 borrowers were sold from Bank of America to Student Loan Solutions in the October 31, 2017 transaction, with an aggregate loan balance of over $200 million.

15

94.     On information and belief, Student Loan Solutions has attempted to collect on and in fact collected on a significant portion of these loans, including by filing lawsuits against hundreds of consumers.

95.     The precise number and identity of Class Members is contained within Student Loan Solutions' business and litigation records.

96.     Student Loan Solutions has acted and continues to act in a similar manner toward each member of the Class.

97.     Specifically, with respect to each Class Member, Student Loan Solutions represents that the loan was accelerated *after* Student Loan Solutions acquired the loan from Bank of America.

98.     The representations by Student Loan Solutions about loans' acceleration date forms one basis for its faulty argument that its lawsuits are within the statute of limitations.

99.     On information and belief, Student Loan Solutions' representations that Class Members' loans were accelerated *after* Student Loan Solutions acquired the loan from Bank of America are either false or misleading.

100.    First, on information and belief, Student Loan Solutions' representations about loans' acceleration date were *false*, as the loans were in fact accelerated before they were acquired by Student Loan Solutions.

101.    On information and belief, Student Loan Solutions knew or should have known that this representation was false.

102.    On information and belief, review of information obtained from Bank of America regarding servicing and collection efforts by Bank of America and its servicers or agents would

be sufficient for Student Loan Solutions to determine that the loans had been accelerated prior to the sale.

103. Student Loan Solutions obtained from Bank of America each loan's charge off date, balance at charge off, and current balance as of the date of the sale from Bank of America to Student Loan Solutions. Many loans, like Ms. Dawson's loan, had balances at the time of the sale that were very similar to the balance at the time of charge off. If the current balance at the time of sale (October 31, 2017) was very close to the balance at the charge off date, and the charge off date was years earlier, it must mean that virtually no interest accrued in the intervening period. For that to have happened, the loans must have been "accelerated" shortly before or after the charge off date, years before the sale.

104. Many other consumers have demonstrated that Student Loan Solutions falsely stated that their loans were accelerated by Student Loan Solutions after the October 31, 2017 purchase from Bank of America when in fact their loans had been accelerated by Bank of America prior to the sale.

105. For example, in *Student Loan Solutions v. Colon*, No. 512313/2019 (Kings County Supreme Court), Student Loan Solutions purchased a student loan from Bank of America on October 31, 2017; purported to have accelerated the loan in February 2019; and then sued the borrower to collect on the loan in June 2019. The borrower provided proof that the loan had in fact been accelerated prior to the sale from Bank of America to Student Loan Solutions. The Court dismissed the case.

106. As another example, in *Student Loan Solutions v. Shadrin*, No. D-08-CV-20-014318 (District Court for Baltimore County), Student Loan Solutions purchased a student loan from Bank of America on October 31, 2017; purported to have accelerated the loan in November

2019; and then sued the borrower to collect on the loan in March 2020. The borrower provided proof that the loan had in fact been accelerated prior to the sale from Bank of America to Student Loan Solutions. In a subsequent suit under the FDCPA, *Shadrin v. Student Loan Solutions*, No. 20 Civ. 3641 (D. Md.), the Court found that plaintiff had adequately alleged that the loan was in fact accelerated in 2016.

107.    As another example, in *Student Loan Solutions v. Hartline*, No. 22CHLC22792 (Superior Court, Los Angeles County), Student Loan Solutions purchased a student loan from Bank of America on October 31, 2017; purported to have accelerated the loan in July 2022; and then sued the borrower to collect on the loan in October 2022. The borrower provided proof that the loan had in fact been accelerated prior to the sale from Bank of America to Student Loan Solutions.

108.    Student Loan Solutions' false representations regarding the acceleration of Class Members' loans have been designed to conceal the representations' fraudulent nature by omitting that Student Loan Solutions possessed documentation that would show or suggest that the loans were previously accelerated before being sold to Student Loan Solutions.

109.    Second, and in the alternative, the representations by Student Loan Solutions that each Class Member's loan was accelerated after Student Loan Solutions acquired the loan from Bank of America were misleading, as the representations were made without review or possession of the documentation from Bank of America that would allow determination of whether the loan had been previously accelerated.

110.    Student Loan Solutions' misleading representations regarding the acceleration of Class Members' loans were designed to conceal their fraudulent nature by omitting that Student

18

Loan Solutions had not reviewed the documentation that would have shown whether the loans were previously accelerated before being sold to Student Loan Solutions.

111.    Class members' claims present common questions of law and fact and these questions predominate over any individual questions.

112.    The common questions of fact include what review, if any, Student Loan Solutions conducted of Bank of America records regarding acceleration of Class Members' loans.

113.    The common questions of law include whether Student Loan Solutions' representations that the loans were accelerated after being acquired by Student Loan Solutions were unfair, deceptive, or misleading in violation of the FDCPA and the New York G.B.L. § 349.

114.    The claims of Plaintiff are typical of the claims of the Class. Student Loan Solutions acquired Plaintiff's loan in the same transaction through which it acquired the loans of other Class Members and made the same representations regarding acceleration.

115.    Plaintiff will adequately and fairly protect the interests of all members of the proposed Class because she has the requisite personal interest in the outcome of this litigation and no interest antagonistic to any member of the proposed Class.

116.    Plaintiff is represented by the New York Legal Assistance Group ("NYLAG"). Attorneys at NYLAG are experienced in complex federal litigation, class action litigation, and consumer defense litigation.

117.    A class action is the superior method for a fair and efficient adjudication of this matter in that Student Loan Solutions has acted in the same manner toward the Class as a whole

and a class action will avoid numerous separate actions by Class Members that would unduly burden the courts and create the possibility of inconsistent decisions.

118.    Moreover, it would be impracticable for Class Members, who are, on information and belief, primarily low-income individuals, to obtain legal counsel on an individual basis to bring claims of the type raised in this action. Hence their rights under the law may well be meaningless without certification of a class action seeking common redress.

119.    Because Student Loan Solutions acted in a similar manner toward each member of the class, declaratory and injunctive relief is appropriate with respect to the Class as a whole.

120.    As a result of actions by Student Loan Solutions, Class Members experienced harm, including financial harm—in the form of money extracted on the basis of this false or misleading representation, as well as the expense of defending collection efforts brought against them, such as transportation, postage, photocopying, childcare, and lost wages—and emotional harm.

121.    Defendants' conduct is ongoing and harms additional Class Members every day.

### FIRST CAUSE OF ACTION
Violation of the FDCPA, 15 U.S.C. §§ 1692e, 1692f, 1692g
By Plaintiff Against All Defendants

122.    The FDCPA, 15 U.S.C. § 1692e, prohibits a debt collector from using a "false, deceptive, or misleading representation or means in connection with the collection of any debt."

123.    The FDCPA, 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

124.    The FDCPA, 15 U.S.C. § 1692g, requires that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector

shall . . . send the consumer a written notice containing," among other things, a statement of the consumer's right to dispute the debt and to obtain the name and address of the original creditor.

125.    Defendants violated the FDCPA, §§ 1692e, 1692f, 1692g, by making false, deceptive, and misleading representations, engaging in unfair and unconscionable practices, and failing to send required notices. Defendants' violations included, but were not limited to:

    a.  Filing a lawsuit without review and possession of the promissory note underlying the Loan;

    b.  Filing a lawsuit without review and possession of other necessary documentation;

    c.  Filing a lawsuit after the statute of limitations expired;

    d.  Filing a lawsuit without lawful service of process;

    e.  Filing a lawsuit without undertaking a meaningful attorney review of the case;

    f.  Failing to send a validation notice; and

    g.  Sending a false or misleading acceleration notice.

126.    Defendants' wrongful and deceptive acts have caused injury and damages to Plaintiff.

127.    As a direct and proximate result of Defendants' violations, Plaintiff has suffered compensable harm and is entitled to recover actual and statutory damages, costs, and attorneys' fees.

**SECOND CAUSE OF ACTION**
Violation of N.Y. Gen. Bus. § 349
By Plaintiff Against All Defendants

128.    New York General Business Law § 349 prohibits "[d]eceptive acts or practices in the conduct of any business . . . in this state" and provides that "any person who has been injured by reason of any violation of this section may bring an action in his own name" for injunctive relief, damages, and attorneys' fees.

129.    Defendants violated N.Y. Gen. Bus. § 349 by engaging in deceptive acts and practices in the conduct of their business. Defendants' violations included, but were not limited to:

a.  Filing a lawsuit without review and possession of the promissory note underlying the Loan;

b.  Filing a lawsuit without review and possession of other necessary documentation;

c.  Filing a lawsuit after the statute of limitations expired;

d.  Filing a lawsuit without lawful service of process;

e.  Filing a lawsuit without undertaking a meaningful attorney review of the case;

f.  Failing to send a validation notice; and

g.  Sending a false or misleading acceleration notice.

130.    Defendants' actions were consumer oriented and had a broad impact on New York consumers at large. Indicia that Defendants' actions were consumer-oriented include, but are not limited to, the fact that Defendants' actions as to Ms. Dawson were nearly identical to their actions as to other consumers across New York State.

131.    Defendants committed the above-described acts willfully and/or knowingly.

132.    Defendants' wrongful and deceptive acts have caused injury and damages to Plaintiff and unless enjoined, will cause further irreparable injury.

133.    As a direct and proximate result of Defendants' violations, Plaintiff has suffered compensable harm and is entitled to recover actual and treble damages, costs, and attorneys' fees.

**THIRD CAUSE OF ACTION**
Violation of the FDCPA, 15 U.S.C. §§ 1692e, 1692f
By Class Against Student Loan Solutions

134.    The FDCPA, 15 U.S.C. § 1692e, prohibits a debt collector from using a "false, deceptive, or misleading representation or means in connection with the collection of any debt."

22

135. The FDCPA, 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

136. Defendant Student Loan Solutions violated the FDCPA, §§ 1692e, 1692f, with respect to Plaintiff and Class Members by making false, deceptive, and misleading representations and engaging in unfair and unconscionable practices, including, but not limited to:

    a. Representing that class members' loans were accelerated after they were sold from Bank of America to Student Loan Solutions.

137. Defendant's wrongful and deceptive acts have caused injury and damages to Plaintiff and Class Members.

138. As a direct and proximate result of Defendant's violations, Plaintiff and Class Members have suffered compensable harm and are entitled to recover actual and statutory damages, costs, and attorneys' fees.

<u>**FOURTH CAUSE OF ACTION**</u>
Violation of N.Y. Gen. Bus. § 349
By Class Against Student Loan Solutions

139. New York General Business Law § 349 prohibits "[d]eceptive acts or practices in the conduct of any business . . . in this state" and provides that "any person who has been injured by reason of any violation of this section may bring an action in his own name" for injunctive relief, damages, and attorneys' fees.

140. Student Loan Solutions violated N.Y. Gen. Bus. § 349 by engaging in deceptive acts and practices in the conduct of its business with respect to Plaintiff and Class Members. Defendant's violations included, but not limited to:

    a. Representing that class members' loans were accelerated after they were sold from Bank of America to Student Loan Solutions.

141. Defendant's actions were consumer oriented and had a broad impact on consumers at large. Indicia that Defendant's actions were consumer-oriented include, but are not limited to, the fact that Defendant's actions as to Plaintiff were nearly identical to its actions as to other consumers across New York State and across the Country, who comprise the Class.

142. Defendant committed the above-described acts willfully and/or knowingly.

143. Defendant's wrongful and deceptive acts have caused injury and damages to Plaintiff and Class Members and unless enjoined, will cause further irreparable injury.

144. As a direct and proximate result of Defendant's violations, Plaintiff and Class Members have suffered compensable harm and are entitled to recover actual and treble damages, costs, and attorneys' fees.

WHEREFORE, Plaintiff requests that this Court enter judgment jointly and severally as against all Defendants:

a. Certifying this case as a class action, pursuant to Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, with a Class defined as:

> All individuals from whom Student Loan Solutions collected, or attempted to collect, on a student loan that Student Loan Solutions purchased from Bank of America on October 31, 2017.

b. Declaring that Defendants have committed the violations of law alleged in this action;

c. Enjoining and directing all Defendants to cease engaging in debt collection practices that violate the FDCPA and New York General Business Law § 349;

d. Awarding to Plaintiff and the putative class:

   i. actual and/or compensatory damages against all Defendants in an amount to be proven at trial;

24

    ii.   statutory damages pursuant to the FDCPA;

    iii.   treble damages pursuant to N.Y. G.B.L. § 349(h);

    iv.   disbursements, costs, and attorneys' fees pursuant to the FDCPA and N.Y. G.B.L. § 349; and

e.   Granting such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: January 29, 2024

Lisa Rivera, Esq.
NEW YORK LEGAL ASSISTANCE GROUP
100 Pearl St., 19th Floor
New York, NY 10004
(212) 613-5000

By:

_____

Jessica Ranucci, of counsel
Danielle Tarantolo, of counsel
(212) 613-7578
jranucci@nylag.org
dtarantolo@nylag.org