UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROXANNE DAWSON

      Plaintiff,

vs.

STUDENT LOAN SERVICES, LLC
ROACH & MURTHA ATTORNEYS AT LAW, P.C.

      Defendants.

Case No.: 1:23-cv-09690

## DEFENDANT STUDENT LOAN SOLUTIONS, LLC'S
## ANSWER TO PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT

Defendant Student Loan Solutions, LLC ("Defendant SLS"), as and for its Answer to the

First Amended Class Action Complaint ("Amended Complaint") of Roxanne Dawson

("Plaintiff"), in the above-entitled matter, denies each and every allegation in the Amended

Complaint, unless otherwise admitted or qualified in this Answer, and states and alleges as

follows:

## PRELIMINARY STATEMENT

1.       Admitted in part. SLS admits only that Plaintiff has filed this lawsuit under the

Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and New York General

Business § 349 but denies any violation thereof. SLS denies Plaintiff is entitled to bring this

action on behalf of any class and denies that a class should be certified. As a further response,

SLS states it conducts a comprehensive review of each student loan it purchases, including

Plaintiff's loan. SLS is in possession of Plaintiff's promissory note. SLS's action against Plaintiff

(New York City Civil Court, Bronx County, *Student Loan Solutions, LLC. v. Roxanne Dawson*,

Index Number CV-010465-22/BX "Collection Lawsuit") was not barred by the applicable statute

1

of limitations and Plaintiff's claims are simply inaccurate.

2.  Admitted in part. SLS admits Plaintiff obtained a private student loan from Bank of America in 2007. SLS admits it purchased Plaintiff's loan from Bank of America in 2017. SLS lacks knowledge or information sufficient to form a belief regarding the remaining allegations in Paragraph 2 and, therefore, denies the same.

3.  Admitted in part. SLS admits it is a passive debt buyer. SLS admits it purchased Plaintiff's loan directly from Bank of America in 2017. SLS denies the statute of limitations was expired at the time of purchase. SLS denies the amount sought in the Collection Lawsuit was time-barred.

4.  SLS admits it retained the law firm of Roach & Murtha Attorneys at Law, P.C. ("Roach & Murtha"), to file the Collection Lawsuit against Plaintiff.

5.  SLS denies the allegations in Paragraph 5. SLS conducted a comprehensive review of Plaintiff's Loan documents, including the Credit Agreement/Promissory Note (signed by Plaintiff on 11/29/2007), signature page (including the cosigner/Isaiah Dawson's signature), Terms, Conditions, Note Disclosure Statement, Payment History, Administrative Deferment/Forbearance period, General/Temporary Hardship Forbearance Period, and other information relevant to Plaintiff's Loan (collectively the "Loan Documents").

SLS further states it provided Roach & Murtha with a copy of Plaintiff's Loan documents when Plaintiff's loan was placed for litigation. To confirm, the Loan Documents included, but may not have been limited to, the Credit Agreement/Promissory Note (signed by Plaintiff on 11/29/2007), signature page (including the cosigner/Isaiah Dawson's signature), Terms, Conditions, Note Disclosure Statement, Payment History, Administrative Deferment/Forbearance period, General/Temporary Hardship Forbearance Period, and any other information relevant to Plaintiff's Loan.

6. Admitted in part. SLS admits that Roach & Murtha, on behalf of SLS, filed the lawsuit against Plaintiff in 2022. SLS denies any problems exist with the collection lawsuit, including chain of title, proper documentation, or the statute of limitations.

7. Admitted in part. SLS admits it purchases private student loans from original creditors. SLS denies all remaining allegations in Paragraph 7, denies it violated the FDCPA or any other law, denies any wrongdoing, and demands strict proof thereof. SLS denies Plaintiff suffered or continues to suffer any damages.

8. Admitted in part. SLS admits Roach & Murtha discontinued the lawsuit without prejudice on October 11, 2023. Any additional allegation is denied.

9. SLS denies Paragraph 9.

10. SLS denies Paragraph 10.

## JURISDICTION AND VENUE

11. SLS admits the cited statutes purport to provide statutory jurisdiction. Notwithstanding this admission regarding jurisdiction provided by the statutory provisions, SLS denies it violated any law, cited or otherwise.

12. Upon information and belief, SLS admits venue is proper based upon Plaintiff's allegations. SLS denies violating any law, cited or otherwise.

## PARTIES

13. SLS lacks knowledge or information sufficient to form a belief regarding the allegations in Paragraph 13 and, therefore, denies the same.

14. SLS admits Paragraph 14.

15. SLS admits Paragraph 15. As a further response, SLS states it is licensed as a debt collector in New York because passive debt buyers are required to obtain the license. SLS denies that having the required license is a legal determination the entity is a "debt collector" as defined

3

by the FDCPA.

16. SLS denies Paragraph 16.

17. SLS denies Paragraph 17.

18. SLS denies Paragraph 18.

19. Admitted in part. SLS admits it files debt collection lawsuits against consumers who meet specified litigation standards. SLS denies its main business purpose is the collection of consumer debts. SLS is a passive debt buyer and does not engage in direct communications with consumers regarding the collection of debts.

20. Plaintiff makes no allegation against SLS; therefore, SLS is not required to respond. To the extent SLS is required to respond, SLS denies Paragraph 20.

21. Plaintiff makes no allegation against SLS; therefore, SLS is not required to respond. To the extent SLS is required to respond, SLS denies Paragraph 21.

### FACTUAL ALLEGATIONS

22. SLS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

23. Upon information and belief, SLS admits Paragraph 23.

24. SLS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

25. SLS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

26. SLS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

27. SLS admits Bank of America charged-off the Loan on July 23, 2012 with a charge-off amount of $47,441.33. The charge-off process is strictly a bookkeeping or accounting

procedure. It is not an affirmative act sufficient to exercise the acceleration clause in the promissory note. Moreover, a charge-off does not extinguish the debtor or co-signor's liability.

28. SLS admits Plaintiff/Cosigner made occasional payments on the Loan. SLS lacks knowledge or information sufficient to form a belief regarding the remaining allegations.

29. SLS admits Plaintiff's last payment on the Loan was 4/11/2013.

30. SLS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

31. SLS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same. SLS denies Plaintiff's father's bankruptcy extinguished the Loan. The Loan is non-dischargeable in bankruptcy under 11 U.S.C. § 523(a)(8)(A)(i) because it is a loan made under a program funded by TERI, which is a non-profit institution. Even if the Comaker's obligation was discharged (which it was not), it did not extinguish Plaintiff's own obligation to repay the Loan. Plaintiff's "understanding" regarding the loan is of no legal consequence.

32. SLS admits Bank of America sold the Loan to SLS on October 31, 2017. SLS lacks knowledge or information sufficient to form a belief regarding the remaining allegations and, therefore, denies the same.

33. SLS admits it purchased a portfolio of loans from Bank of America on October 31, 2017. SLS denies the numbers alleged by Plaintiff in Paragraph 33 are accurate.

34. SLS denies Paragraph 34.

35. SLS denies Bank of America accelerated the Loan around the time of charge-off in 2012. SLS denies Bank of America accelerated the Loan prior to its sale to SLS and, moreover, denies Bank of America accelerated the Loan at any time. The Loan was accelerated on December 1, 2021 via an acceleration letter sent to Plaintiff on behalf of SLS. SLS denies

Plaintiff's explanation of Acceleration is accurate as alleged in Paragraph 35. SLS states the Promissory Note contained an optional acceleration clause. The issue of Acceleration is determined by the Promissory Note and applicable state law. SLS denies all remaining allegations in Paragraph 35.

36. SLS denies Paragraph 36 and asserts Plaintiff's characterization is simply false.

37. SLS admits it accelerated the Loan via acceleration letter sent to Plaintiff on December 1, 2021. SLS denies Plaintiff's allegation that she did not receive the acceleration letter. SLS denies that the Loan was previously accelerated at any time prior to December 1, 2021. SLS denies all remaining allegations in Paragraph 37.

38. SLS admits Paragraph 38.

39. SLS admits Paragraph 39. SLS's lawsuit against Plaintiff sought to recover $18,574.78, which consisted of 133 installments within the statute of limitations. SLS did not file suit on any installments due more than 3 years prior to the filing date.

40. SLS admits Paragraph 40 because it was only seeking the principal amount of those installment payments that remained within the applicable statute of limitations.

41. SLS admits Paragraph 41 insofar that SLS sought to recover 133 installments within the statute of limitations. The 133 installments consisted of each monthly installment due and unpaid for the 3 years prior to filing the Collection Complaint plus all accelerated future installments per the December 1, 2021 acceleration notice. SLS only sought to recover the principal component of each installment ($139.66) and excluded any interest component within each installment.

42. SLS admits Paragraph 42.

43. SLS admits Paragraph 43.

44. Plaintiff makes no allegation against SLS; therefore, SLS is not required to

respond. To the extent a response is required, SLS refers Plaintiff to referenced document itself and denies anything inconsistent therewith.

45. Plaintiff makes no allegation against SLS; therefore, SLS is not required to respond. To the extent any response is necessary, SLS denies the allegations in Paragraph 45.

46. SLS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

47. SLS admits an Answer was filed in the Collection Lawsuit. SLS lacks knowledge or information sufficient to form a belief regarding the remaining allegations in Paragraph 47 and, therefore, denies the same.

48. Plaintiff makes no affirmative allegation against SLS; therefore, SLS is not required to respond. To the extent a response is required, SLS refers Plaintiff to referenced document itself and denies anything inconsistent therewith.

49. SLS admits the applicable statute of limitations on the Loan is 3 years under the accurate installment contract legal analysis. SLS further states the statute of limitations began to run on the date each installment became due and was defaulted upon. There are separate causes of action for each installment accrued. Plaintiff's Loan was to be repaid in 240 monthly installments. At the time of filing the Collection Action, 133 unpaid installments were within the 3-year statute of limitations. SLS sought to recover the principal-only portion of those 133 installments.

50. SLS admits the admits the applicable statute of limitations on the Loan is 3 years under the installment contract legal analysis.

51. SLS denies Paragraph 52. Plaintiff's Loan is an installment contract, and the statute of limitations began to run on the date each monthly installment became due and was defaulted upon. There are separate causes of action for each installment accrued. Plaintiff's

7

allegation is legally inaccurate.

52. SLS denies Paragraph 53.

53. Plaintiff makes no allegation against SLS; therefore, SLS is not required to respond. To the extent a response is required, SLS refers Plaintiff to the court records and denies anything inconsistent therewith.

54. SLS admits the Parties engaged in discovery regarding the Loan.

55. SLS denies it failed to produce the Promissory Note. Pursuant to the Note, electronic records of Plaintiff's loan documents are treated as originals. See Page 2 of the Note titled "Loan Request/Credit Agreement- Signature Page":

By my signature, I certify that I have read, understand and agree to the terms of and undertake the obligations set forth on all seven (7) pages of this Loan Request/Credit Agreement BK.07-08.CSX1.10DC.0107 ("Credit Agreement"). I understand that any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties, which may include fines or imprisonment. This Credit Agreement is signed under seal. I understand that I am not required to fax my signature on or to sign electronically this Credit Agreement and any related notices that require signature. If I choose to fax my signature on or to sign electronically this Credit Agreement and any related notices that require signature, I intend: (i) my fax or electronic signature to be an electronic signature under applicable federal and state law, (ii) any fax printout or printout of Lender's electronic record of this Credit Agreement and related notices to be an original document, (iii) to conduct business with the Lender by electronic records and electronic signatures, and (iv) that this Credit Agreement will not be governed by Article 3 of the Uniform Commercial Code, and my obligations under this Credit Agreement will not be subject to, but any transfer of my obligations will be subject to, Article 9 of the Uniform Commercial Code.

SLS further states the instructions on the Note require Plaintiff to fax back the signature page and proof of income. Plaintiff completed this task as evidenced by the fax confirmation at the top of the page.



56. SLS denies Paragraph 57.

57. SLS denies Paragraph 58. SLS provided the Promissory Note signature page. Electronic copies are considered originals per the explanation in Paragraph 56 above.

58. SLS denies Paragraph 59.

59. SLS refers Plaintiff to the discovery production in the Collection Lawsuit and

denies anything inconsistent therewith.

60. SLS denies Paragraph 61.

61. Plaintiff makes no allegation against SLS; therefore, SLS is not required to respond. To the extent a response is required, SLS denies the allegations in Paragraph 62.

62. SLS lacks knowledge or information sufficient to form a belief regarding the allegations.

63. SLS lacks knowledge or information sufficient to form a belief regarding the allegations and, therefore, denies the same.

64. Plaintiff makes no allegation against SLS; therefore, SLS is not required to respond. To the extent a response is required, SLS only admits the collection lawsuit was denied without prejudice.

65. Plaintiff makes no allegation against SLS; therefore, SLS is not required to respond. SLS admits a stipulation of discontinuance was filed and denies anything inconsistent with the content of the filing.

66. SLS admits it acquires student loan portfolios. SLS denies all remaining allegations in Paragraph 67.

67. SLS denies Paragraph 68 and affirmatively states the allegation is factually and legally false.

68. SLS denies Paragraph 69. Plaintiff's Loan is a note payable in installments. New York recognizes this type of contract. New York also recognizes the statute of limitations begins to run on the date each installment becomes due and is defaulted upon. See *Navient Credit Fin. Corp. v. Sewell,* 63 Misc. 3d 1234(A), 115 N.Y.S.3d 834 (N.Y. Civ. Ct. 2019). Plaintiff's allegation is legally and factually inaccurate.

69. SLS denies Paragraph 70. SLS, again, directs Plaintiff to Plaintiff's signed

9

Promissory Note produced (that Plaintiff has in her own possession). Plaintiff signed the Note on 11/29/2007. Plaintiff faxed the signature page and relevant information to Bank of America per the instructions. See the fax confirmation on the top of the signature page. The signature page states, in part, as follows: "…If I choose to fax my signature on or to sign electronically this Credit Agreement and any related notices that require signature, I intend (i) my fax or electronic signature to be an electronic signature under applicable federal and state law; (ii) **any fax printout or printout of the Lender's electronic record of this Credit Agreement and related notices to be an original document….**"

The Credit Agreement is identified as BK.07-08.CSX1.10DC.0107. This identifier is present on the bottom of each page of the Credit Agreement.

By my signature, I certify that I have read, understand and agree to the terms of and Request/Credit Agreement BK.07-08.CSX1.10DC.0107 ("Credit Agreement"). I und

Bottom of Page 2

Signature of Borrower _RuAnne Dawson_    Date _11/29/07_

BY SIGNING THIS CREDIT AGREEMENT BELOW, I CERTIFY THAT I INTEND TO (i) APPLY FOR JOINT CREDIT AND (ii) BE JOINTLY LIABLE WITH THE BORROWER FOR THIS LOAN.

Signature of Cosigner _Isaiah Dawson_    Date _11/29/07_

BK.07-08.CSX1.10DC.0107    LENDER COPY

Bottom of Page 3

have elected the "Interest Only" repayment option (the applicable repayment ... the Repayment Period and you will add unpaid a...

{W0675664.1} BK.07-08.CSX1.10DC.0107    3 of 7

70.    SLS denies Paragraph 71. SLS states the Loan was accelerated on December 1, 2021. SLS denies the Loan was accelerated any time prior to December 1, 2021.

71.    SLS denies Paragraph 72. SLS states the Loan was accelerated on December 1, 2021. SLS denies the Loan was accelerated any time prior to December 1, 2021.

72. SLS denies Paragraph 73. SLS is in possession of the Promissory Note and the Loan is payable in installments.

73. SLS denies Paragraph 74. Plaintiff was provided with a Note Disclosure Statement on December 10, 2007. The Disclosure clearly outlines the installment repayment schedule. SLS denies Plaintiff's mathematical calculation regarding a perceived $114,000 accrual is accurate or comprehensible.

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments are due | |
|---|---|---|---|
| 240 | $ 519.51 | On the 9th day of each month beginning | 12/2010 |
| | | | |
| | | | |

74. SLS denies Paragraph 75.

75. SLS denies the allegations regarding the cited Colon case. The case is currently on appeal and SLS denies Plaintiff's characterization of the facts or outcome. SLS denies all remaining allegations in Paragraph 76.

76. SLS denies Plaintiff accurately characterized the public database of cases involving SLS. SLS denies Plaintiff's attempt to misconstrue specific case facts for other consumers based on a cursory public database search. SLS denies filing lawsuits on time-barred debts.

77. SLS admits it authorizes and files lawsuits against consumers on debts owned by SLS. SLS denies any attempt by Plaintiff to misconstrue its practices or otherwise.

78. SLS denies Plaintiff accurately represented the status, result or facts or the cited cases. SLS denies filing suit on time-barred debts. SLS denies Paragraph 79.

79. Plaintiff makes no allegation against SLS; therefore, SLS is not required to respond. To the extent a response is required, SLS denies is engaged in any of the "tactics" described in Paragraph 80.

80. SLS denies Paragraph 81.

81. SLS denies Plaintiff is entitled to any damages, costs, attorney's fees or other relief. SLS denies any violation of law and denies Plaintiff suffered any damages.

## CLASS ACTION ALLEGATIONS

82. SLS admits only that Plaintiff purports to bring this action on behalf of herself and a class. SLS denies Plaintiff is entitled to bring this action on behalf of any class and denies that any class should be certified.

83. Admitted in part. SLS admits it purchased loans from Bank of America. SLS denies the allegations are appropriate for class certification and denies that a class exists.

84. Admitted in part. SLS admits it purchased loan from Bank of America. SLS denies the allegations are appropriate for class certification, denies that a class exists, denies that any class should be certified, denies Plaintiff is a suitable class representative, denies any wrongdoing, and demands strict proof thereof.

85. The Loan Sale Agreement referenced by Plaintiff speaks for itself and SLS denies any attempt by Plaintiff to interpret or paraphrase the same. SLS admits it purchased private student loans from Bank of America. SLS denies Plaintiff's attempt to tactically quote portions of sentences in the Loan Agreement to manipulate the legitimacy and status of the sale.

86. SLS denies all loans in the sale were sold on an "as is, where is" basis.

87. SLS denies all loans in the sale were sold without recourse.

88. The Loan Sale Agreement referenced by Plaintiff speaks for itself and SLS denies any attempt by Plaintiff to interpret or paraphrase the same. SLS admits it purchased private student loans from Bank of America. SLS denies Plaintiff's attempt to tactically quote portions of sentences in the Loan Agreement to manipulate the legitimacy and status of the sale.

89. The Loan Sale Agreement referenced by Plaintiff speaks for itself and SLS denies

any attempt by Plaintiff to interpret or paraphrase the same. SLS admits it purchased private student loans from Bank of America. SLS denies Plaintiff's attempt to tactically quote portions of sentences in the Loan Agreement to manipulate the legitimacy and status of the sale.

90. The Loan Sale Agreement referenced by Plaintiff speaks for itself and SLS denies any attempt by Plaintiff to interpret or paraphrase the same. SLS admits it purchased private student loans from Bank of America. SLS denies Plaintiff's attempt to tactically quote portions of sentences in the Loan Agreement to manipulate the legitimacy and status of the sale.

91. SLS denies Paragraph 92.

92. SLS admits it purchased a loan portfolio from Bank of America on October 31, 2017.

93. SLS admits it has filed lawsuits against consumers on the loan portfolio referenced in Paragraph 93 above. SLS denies it engaged in direct collection attempts regarding these loans. SLS places accounts with third party debt collectors or attorneys for collection efforts.

94. Admitted in part. SLS admits it has business records of the loans it purchased from Bank of America. SLS denies the allegations are appropriate for class certification, denies that a class exists, denies that any class should be certified, denies Plaintiff is a suitable class representative, denies any wrongdoing, and demands strict proof thereof.

95. SLS denies any implication by Plaintiff that SLS has acted in a manner that violates the FDCPA or any other law. SLS denies the allegations are appropriate for class certification, denies that a class exists, denies that any class should be certified, denies Plaintiff is a suitable class representative, denies any wrongdoing, and demands strict proof thereof.

96. SLS admits Bank of America did not accelerate the loans in the portfolio prior to the sale to SLS.

97. SLS denies its representations regarding acceleration are "faulty." SLS's lawsuits are filed within the applicable statute of limitations. SLS denies it violated the FDCPA or any other law regarding the portfolio it purchased from Bank of America.

98. SLS denies Paragraph 99.

99. SLS denies Paragraph 100. Bank of America did not accelerate the loans prior to the sale to SLS.

100. SLS denies Paragraph 101. SLS denies Bank of America accelerated the loans prior to the sale to SLS.

101. SLS denies Paragraph 102.

102. Admitted in part. SLS admits it received loan documentation from Bank of America for each loan in the sale. SLS denies all remaining allegations in Paragraph 103.

103. SLS denies Paragraph 104.

104. SLS denies Plaintiff's characterization of the Colon case in Paragraph 105.

105. SLS denies Plaintiff's characterization of the Shadrin case in Paragraph 106.

106. SLS denies Paragraph 107.

107. SLS denies Paragraph 108.

108. SLS denies Paragraph 109.

109. SLS denies Paragraph 110.

110. SLS denies Paragraph 111. SLS denies the allegations are appropriate for class certification, denies that a class exists, denies that any class should be certified, denies Plaintiff is a suitable class representative, denies any wrongdoing, and demands strict proof thereof.

111. SLS denies Paragraph 112. SLS denies the allegations are appropriate for class certification, denies that a class exists, denies that any class should be certified, denies Plaintiff is a suitable class representative, denies any wrongdoing, and demands strict proof thereof.

112.     SLS denies Paragraph 113. SLS denies the allegations are appropriate for class certification, denies that a class exists, denies that any class should be certified, denies Plaintiff is a suitable class representative, denies any wrongdoing, and demands strict proof thereof.

113.     SLS denies Paragraph 114. SLS denies the allegations are appropriate for class certification, denies that a class exists, denies that any class should be certified, denies Plaintiff is a suitable class representative, denies any wrongdoing, and demands strict proof thereof.

114.     SLS denies Paragraph 115. SLS denies the allegations are appropriate for class certification, denies that a class exists, denies that any class should be certified, denies Plaintiff is a suitable class representative, denies any wrongdoing, and demands strict proof thereof.

115.     SLS admits Plaintiff is represented by NYLAG. SLS denies all remaining allegations in Paragraph 116.

116.     SLS denies Paragraph 117.

117.     SLS denies Paragraph 118.

118.     SLS denies Paragraph 119.

119.     SLS denies Paragraph 120.

120.     SLS denies Paragraph 121.

## FIRST CAUSE OF ACTION

121.     Paragraph 122 contains a statement or legal conclusion rather than an allegation against SLS. To the extent SLS is required to respond, SLS refers to the actual statute and denies anything inconsistent therewith.

122.     Paragraph 123 contains a statement or legal conclusion rather than an allegation against SLS. To the extent SLS is required to respond, SLS refers to the actual statute and denies anything inconsistent therewith.

123.     Paragraph 124 contains a statement or legal conclusion rather than an allegation

against SLS. To the extent SLS is required to respond, SLS refers to the actual statute and denies anything inconsistent therewith.

124. SLS denies Paragraph 125, including all subparts.

125. SLS denies Paragraph 126.

126. SLS denies Paragraph 127.

## SECOND CAUSE OF ACTION

127. Paragraph 128 contains a statement or legal conclusion rather than an allegation against SLS. To the extent SLS is required to respond, SLS refers to the actual statute and denies anything inconsistent therewith.

128. SLS denies Paragraph 129, including all subparts.

129. SLS denies Paragraph 130.

130. SLS denies Paragraph 131.

131. SLS denies Paragraph 132.

132. SLS denies Paragraph 133.

## THIRD CAUSE OF ACTION

133. Paragraph 134 contains a statement or legal conclusion rather than an allegation against SLS. To the extent SLS is required to respond, SLS refers to the actual statute and denies anything inconsistent therewith.

134. Paragraph 135 contains a statement or legal conclusion rather than an allegation against SLS. To the extent SLS is required to respond, SLS refers to the actual statute and denies anything inconsistent therewith.

135. SLS denies Paragraph 136.

136. SLS denies Paragraph 137.

137. SLS denies Paragraph 138.

<u>**FOURTH CAUSE OF ACTION**</u>

138.    Paragraph 139 contains a statement or legal conclusion rather than an allegation against SLS. To the extent SLS is required to respond, SLS refers to the actual statute and denies anything inconsistent therewith.

139.    SLS denies Paragraph 140.

140.    SLS denies Paragraph 141.

141.    SLS denies Paragraph 142.

142.    SLS denies Paragraph 143.

143.    SLS denies Paragraph 144.

**FIRST AFFIRMATIVE DEFENSE**

144.    The Plaintiff failed to state a claim upon which relief can be granted, and therefore Plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P 12(b)(6).

**SECOND AFFIRMATIVE DEFENSE**

145.    Plaintiff's Amended Complaint and purported claims for relief are barred because Plaintiff sustained no injury or damage as a result of any act or omission of or by SLS.

**THIRD AFFIRMATIVE DEFENSE**

146.    If any action or inaction of SLS violated any statute, which SLS specifically denies, the action or inaction was not intentional or willful.

**FOURTH AFFIRMATIVE DEFENSE**

147.    SLS is not subject to the FDCPA because it is not a "debt collector" as that term is defined in the statute.

**FIFTH AFFIRMATIVE DEFENSE**

148.    To the extent Plaintiff has been damaged, which SLS specifically denies, Plaintiff has failed to mitigate those damages and therefore should not be able to recover any unmitigated

damages from SLS.

**SIXTH AFFIRMATIVE DEFENSE**

149. SLS contends that it did not engage in any conduct that was outrageous, intentional or malicious, or done with reckless disregard with respect to Plaintiff. SLS also alleges that it never engaged in any knowing, willful, or fraudulent conduct with respect to Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

150. SLS reserves the right to assert any other defenses that may become available during discovery proceedings or otherwise in this case and hereby reserves the right to amend its answer to assert any such defenses.

**EIGHTH AFFIRMATIVE DEFENSE**

151. SLS asserts all New York state claims in this lawsuit should be dismissed under New York's Anti-SLAPP statute.

**NINTH AFFIRMATIVE DEFENSE**

152. If and to the extent any putative class members have reached settlement agreements with respect to their loans, the claims of those punitive class members are barred by the doctrines of accord and satisfaction, release, and/or waiver.

**TENTH AFFIRMATIVE DEFENSE**

153. If and to the extent judgments have been obtained against any punitive class members, the claims of those punitive class members are barred by *res judicata* and/or the Rooker-Feldman Doctrine.

**ELEVENTH AFFIRMATIVE DEFENSE**

154. The claims of one or more punitive class members may be barred by estoppel.

18

WHEREFORE, Defendant Student Loan Solutions, LLC respectfully requests Plaintiff's Amended Complaint be dismissed in its entirety with prejudice, with the costs, attorneys' fees and disbursements of this action; and for such other, further or different relief, not inconsistent herewith, as may be just, equitable and proper.

Dated: February 12, 2024

**LIPPES MATHIAS LLP**

s/ Brendan H. Little
Brendan H. Little, Esq.
Attorney for Defendant
Student Loan Solutions, LLC
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
T: (716) 853-5100
F: (716) 853-5199
E: blittle@lippes.com