USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/1/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROXANNE DAWSON

    Plaintiff,

vs.

STUDENT LOAN SERVICES, LLC
ROACH & MURTHA ATTORNEYS AT LAW, P.C.

    Defendants.

Case No.: 1:23-cv-09690

## **DISCOVERY CONFIDENTIALITY ORDER**

It appearing that discovery in the above-captioned action may involve the disclosure of confidential information, it is ORDERED as follows:

1.    Any party to this litigation and any third party shall have the right to designate as "Confidential" and subject to this Discovery Confidentiality Order any information, document, or thing, or portion of any document or thing for which there is good cause for secrecy under Federal Rule of Civil Procedure 26(c)—that is, information that, if disclosed, will cause a clearly defined and very serious injury to the designating party that outweighs the public's interest in disclosure. Examples of such information include trade secrets or other competitively sensitive technical, marketing, financial, sales or business information and private or confidential personal information. Any party to this litigation or any third party covered by this Discovery Confidentiality Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter

1

"Confidential").

2.  Any party to this litigation and any third party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Discovery Confidentiality Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Discovery Confidentiality Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY - SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

3.  If only a portion or portions of the information on a document page qualifies for protection, the producing party must clearly identify the protected portion(s) (e.g., by using highlighting, underlining, or appropriate markings in the margins).

4.  Each producing party that designates information or items as Confidential or for Attorneys' Eyes Only must exercise reasonable care to limit any such designation to specific material that qualifies under the appropriate standards, and designate only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Broadly described, indiscriminate, or routinized designations are prohibited.

5.  Insofar as the parties may have exchanged discovery prior to the date of this

Discovery Confidentiality Order that any producing party deems confidential, the provisions of this Discovery Confidentiality Order shall apply to any and all materials identified as Confidential or Attorneys' Eyes Only in accordance with the terms herein by either party within thirty (30) days of the date of the entry of this Discovery Confidentiality Order.

6. All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 7, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.

7. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

    a) Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

    b) Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

    c) Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

    d) The Court and court personnel;

    e) Any witness who, in the good-faith belief of counsel for a Party, may be called to testify at trial or deposition in this action, provided such person has first executed the Agreement attached hereto as Exhibit A;

    f) Vendors retained by or for the parties to assist in preparing for pretrial

discovery, trial, and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

      g)    The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are; required to participate in decisions with reference to this lawsuit;

      h)    Any mediator or arbitrator retained by the parties to assist with resolving and/or settling the claims of this Action and members of the arbitrator's or mediator's staff and assistants; and

      i)    Any auditor or regulator of a party entitled to review the Confidential Discovery Material due to contractual rights or obligations, or federal or state laws, or court orders, but solely for such contractual or legal purposes.

8. Confidential material shall be used only by individuals permitted access to it under Paragraph 7. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

9. With respect to any depositions that involve a disclosure of Confidential material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition

4

transcript shall be disclosed to any individual other than the individuals described in Paragraph 7 above and the deponent during these thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this Order.

10. Material produced and marked as Attorneys' Eyes Only may be disclosed only to the individuals described in Paragraph 7(a), (b), (c), and (d) and to such other persons as counsel for the producing party agrees in advance or as Ordered by the Court. Furthermore, any deponent may be shown or examined on any information, document or thing designated Attorneys' Eyes Only if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein, or if the producing party consents to such disclosure.

11. If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

    a) Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

b) If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, either party shall present the dispute to the Court in accordance with the Court's Local Rule. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

12. All requests to seal documents filed with the Court shall comply with any Local Civil Rules and all applicable law. Nothing in this agreement shall constrain the Court's ability to restrict or permit public access to documents filed on the docket or alter the standards under which public access to documents is to be determined.

13. Subject to the Federal Rules of Evidence, Discovery Material designated as "Confidential" or "Attorneys' Eyes Only" may be offered and received into evidence at trial or at any hearing or oral argument. A party agreeing to the entry of this order does not thereby waive the right to object to the admissibility of the material in any proceeding, including trial. Any party may move the Court for an order that Discovery Material designated as "CONFIDENTIAL" be reviewed in camera or under other conditions to prevent unnecessary disclosure.

14. A Producing Party that inadvertently fails to properly designate Discovery Material as "Confidential" or "Attorneys' Eyes Only" shall have 14 days from discovering the oversight to correct that failure. Such failure shall be corrected by providing written notice of the error to every receiving party. Any receiving party notified that confidential discovery material was received without the appropriate confidentiality designation as authorized under this order shall make reasonable efforts to retrieve any such documents distributed to persons who are not qualified recipients under this order, and as to qualified recipients, shall exchange the undesignated or improperly designated documents with documents that include the correct "CONFIDENTIAL"

designation. When the inadvertent or mistaken disclosure of any information, document, or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document, or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

15. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Discovery Confidentiality Order.

16. This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

17. This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

18. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all

originals of documents and things containing Confidential material and to destroy all copies of Confidential material including excerpts, summaries, and digests revealing Confidential material; provided, however, that notwithstanding this provision, the attorneys specifically retained by the Parties for representation in this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material, subject to the provisions of this Discovery Confidentiality Order. To the extent a party requests the return of Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

**IT IS SO ORDERED**.

Dated: April 1, 2024

_____
Hon. Mary Kay Vyskocil
United States District Judge

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROXANNE DAWSON

    Plaintiff,

Case No.: 1:23-cv-09690

vs.

STUDENT LOAN SERVICES, LLC
ROACH & MURTHA ATTORNEYS AT LAW, P.C.

    Defendants.

I, _____ , being duly sworn, state that:

    1.    My address is _____ .

    2.    My present employer is _____ and the address of my present employment is _____ .

    3.    My present occupation or job description is _____ .

    4.    I have carefully read and understood the provisions of the Discovery Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Discovery Confidentiality Order.

    5.    I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

    6.    I will limit use of Confidential Material disclosed to me solely for purpose of this action.

7.       No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

_____
[Name]