UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ROXANNE DAWSON, individually and on behalf of all persons similarly situated,<br><br>                              Plaintiff,<br><br><br>            -against-<br><br><br>STUDENT LOAN SOLUTIONS, LLC and ROACH & MURTHA ATTORNEYS AT LAW, P.C.,<br><br>                            Defendants. | **No. 23 Civ. 9690 (MKV)**<br><br><br>**DECLARATION OF JESSICA RANUCCI IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND SUMMARY JUDGMENT** |

Jessica Ranucci hereby declares, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that:

1.     I am an attorney duly admitted to practice in the Southern District of New York. I am a Supervising Attorney in the Special Litigation Unit at the New York Legal Assistance Group ("NYLAG"), which represents the Named Plaintiff and the putative Class. I make this Declaration in support of Plaintiff's motion for class certification and summary judgment.

2.     Attached hereto are true and correct copies of Exhibits A-Z.

3.     Attached as Exhibit A is a transcript of the deposition given by Christopher P. Ruh on behalf of Defendant Student Loan Solutions, LLC ("SLS") with confidential portions of the deposition redacted. As noted below, certain confidential portions have been separately filed under seal at ECF Nos. 75-3 and 75-4.

1

4.      Attached as Exhibit B is a transcript of the deposition given by Christopher P. Ruh on behalf of Williams & Fudge, Inc ("W&F") with confidential portions of the deposition redacted.

5.      Attached as Exhibit C is a transcript of the deposition given by Christopher P. Ruh in his individual capacity.

6.      Attached as Exhibit D is a transcript of the deposition given by Plaintiff Roxanne Dawson.

7.      Attached as Exhibit E is the Affidavit of Christopher P. Ruh in Support of Accelerated Balance Due for Ms. Dawson (SLS046-092), which contains the following original attachments:

   a.   Amortization Tables (SLS048-062);

   b.   Promissory Note (SLS064-066);

   c.   Promissory Note template (SLS067-071);

   d.   Note Disclosure Statement (SLS073-074);

   e.   Payment History (SLS075-079);

   f.   Bank of America Loan Tape (redacted in original) (SLS080-081);

   g.   Bill of Sale & Blanket Endorsement of Promissory Notes (SLS082-086);

   h.   Acceleration Notice (SLS088-092).

8.      Attached as Exhibit F are Bank of America Template Loan Notes (SLS625-683). These were produced by SLS in response to the Court's order compelling SLS to respond to Plaintiff's Request for template loan notes governing Class Members' Loans, ECF No. 65 at 6; ECF No. 70.

9.      Attached as Exhibit G is the W&F account ledger for Ms. Dawson's account (SLS217-265).

10.     Attached as Exhibit H is an email from W&F to Ms. Dawson dated April 15, 2015 (SLS403-405).

11.     Attached as Exhibit I are W&F template collection letters (SLS547-560). In its September 26, 2024 production letter, SLS explained that these templates are "substantially similar to" the letters sent to Ms. Dawson and/or her father, which are noted in W&F's account notes, Ex. G (261, 262). Mr. Ruh explained at SLS's deposition that all W&F collections letters from prior to 2018, including those letters sent to Ms. Dawson and her father, have been destroyed. SLS Tr. 176:24-177:12; W&F Tr. 95:18-96:23, 100:1-6.

12.     Attached as Exhibit J is an email from W&F to Ms. Dawson dated May 30, 2016 (produced by SLS on July 8, 2024 without a bates number).

13.     Attached as Exhibit K are W&F's settlement and payment policies that were annexed to the Loan Sale Agreement (SLS194-196).

14.     Attached as Exhibit L is the loan collection agreement between SLS and W&F (SLS141-146).

15.     Attached as Exhibit M is W&F's collection notice policy (SLS182-183).

16.     Attached as Exhibit N are transcripts of three calls between SLS and Isaiah Dawson dated March 26, 2018, August 8, 2018, and January 24, 2019. These transcripts were created by NYLAG from audio recordings of these calls produced by SLS on July 16, 2024 (recordings of August 8, 2018 and January 24, 2019 calls) and August 5, 2024 (recording of March 26, 2018 call) without Bates numbers. Plaintiff can provide a copy of the audio files to the Court upon request.

17.     Attached as Exhibit O is W&F's statute of limitations collection policy that was annexed to the Loan Sale Agreement (SLS197-199).

18.     Attached as Exhibit P is W&F's updated statute of limitations and settlement and payment collection policies (SLS538-546). This document was initially designated by SLS as confidential, but confidentiality was released on October 20, 2024.

19.     Attached as Exhibit Q is a W&F document showing its calculation of the accelerated balance for Ms. Dawson's account (SLS441).

20.     Attached as Exhibit R is the Bronx County Civil Court Summons and Complaint for the case captioned *Student Loan Solutions, LLC. v. Roxanne A. Dawson*, Case No. CV-10465-22/BX (PLAINTIFF000002-005).

21.     Attached as Exhibit S is the Bronx County Civil Court Answer for the case captioned *Student Loan Solutions, LLC. v. Roxanne A. Dawson*, Case No. CV-10465-22/BX, filed *pro se* by Ms. Dawson (PLAINTIFF000008).

22.     Attached as Exhibit T is a November 12, 2017 W&F collection letter sent to Class Member Sarah Cornett (PLAINITFF000762-763). At SLS's deposition, Mr. Ruh testified that a letter from the "J2" template was sent to all Class Members, including Ms. Dawson, on or around November 12, 2017. *See* Ex. A (SLS Tr. 187:7-24). In its September 26, 2024 production letter, SLS explained that "SLS does not possess letter template J2 but notes PLAINITFF000762-PLAINTIFF000763 appears to be a complete J2 notice that was sent on a different Account."

23.     Attached as Exhibit U is the approval for W&F from SLS to initiate litigation against Ms. Dawson and Isaiah Dawson (SLS044).

24. Attached as Exhibit V is a March 26, 2024 Order Granting Defendants' Motion for Summary Judgment in *Student Loan Solutions v. Digiore, et al.*, Case No. 23-CC11878 (Fla. Civ. Ct.).

25. Attached as Exhibit W are Plaintiff's Request for Production served on Bank of America via subpoena on June 18, 2024 and a responsive declaration provided by Bank of America.

26. Attached as Exhibit X are collection letters from W&F to Class Members Tameeka L. Colon and Yury Shadrin (PLAINTIFF000755-759).

27. Attached as Exhibit Y is a September 14, 2020 Order Granting Partial Summary Judgment in *Student Loan Sols, LLC v. Shaw*, 2020 Wash. Super. LEXIS 11462 (Wash. Super. Ct.).

28. Attached as Exhibit Z is a list of W&F ledger codes and their meanings (SLS266-402).

29. Pursuant to Defendant's assertion of confidentiality and the Court's order regarding sealing on a provisional basis during the pendency of this motion, ECF No. 79, a true and correct copy of the following documents has been filed under seal:

    a. Loan Sale Agreement (SLS407-440), filed under seal at ECF No. 75-1 and 75-3 at 1-2;

    b. Annex I to the Loan Sale Agreement (SLS216), relating to the number of Class Members, filed under seal at ECF No. 75-2;

    c. SLS Response to Plaintiff's Second Set of Interrogatories to Defendant Student Loan Solutions, LLC, relating to the number of Class Members, filed under seal at ECF Nos. 75-2, 75-6;

    d.  Portion of the SLS deposition transcript (SLS Tr. 51-55) stating the price for SLS's October 31, 2017 purchase of the loans from Bank of America and SLS's expected rate of return from the purchase, filed under seal at ECF No. 75-3 at 3-8; and

    e.  Portion of the SLS deposition transcript (SLS Tr. 62-66, 197-201) stating SLS's sources of funding for the purchase, filed under seal at ECF No. 75-4.

30.    As explained in the Parties' joint letter motion regarding sealing, ECF No. 74, Plaintiff's view is that these documents should be available to the public under applicable law, including because certain of these documents have been publicly available on other court dockets for years. But in compliance with the Court's order at ECF No. 79, Plaintiff has filed all information derived from these documents under seal.

31.    Consistent with the Court's order at ECF No. 79 and the Confidentiality Order, ECF No. 27, Plaintiff is filing contemporaneously with this motion Exhibits AA and BB under seal:

    a.  Exhibit AA is a true and correct copy of the "Loan Tape," from which Plaintiff derived aggregate data about the Class. Plaintiff previously provided this document to the Court via email on a confidential basis, *see* ECF No. 75.

    b.  Exhibit BB is a true and correct copy of analysis performed by the Echols Firm regarding statute of limitations, which the Court ordered SLS to produce, ECF No. 79.

32.    To the best of my knowledge, I do not believe there is a conflict of interest between any other Class Members and Ms. Dawson.

33.     On October 6, 2023, NYLAG, on behalf of Ms. Dawson, sent a letter to SLS, alerting the company that it had filed the lawsuits against Ms. Dawson and other borrowers long after the statute of limitations expired.

34.     NYLAG is a nonprofit organization that provides free civil legal services to low-income New Yorkers in many fields, including consumer protection.

35.     NYLAG has particular expertise with respect to the claims asserted in this litigation, as it has been appointed class counsel in connection with class actions affecting hundreds of thousands of low-income student loan borrowers and other consumers sued in New York City Civil Court.

36.     NYLAG has performed significant work in this case, conducting document discovery, taking and defending depositions, and preparing this summary judgment and class certification briefing.

37.     Two attorneys were principally responsible for the work in this case: myself and Danielle Tarantolo.

38.     I graduated from Harvard Law School *magna cum laude* in 2016. I joined NYLAG's Special Litigation Unit in 2017 after serving as a law clerk for the Honorable Allyne R. Ross of the United States District Court for the Eastern District of New York. At NYLAG, I am a supervising attorney in the Special Litigation Unit. As part of the Special Litigation Unit, I bring class actions and other impact litigation lawsuits to benefit low-income New Yorkers and individuals across the country. My primary focus is on consumer class actions relating to student loan and consumer debt, as well as certain public benefits. As part of my work at NYLAG, I also provide individual representation to consumers, including individuals sued in consumer debt collection actions in New York City Civil Court and federal student loan borrowers. In 2023, I

was awarded the Rising Star Award by the National Consumer Law Center, which is given to three attorneys nationally who have been in practice for 15 years or less and have made major contributions to consumer law.

39.    Danielle Tarantolo graduated from Yale Law School in 2006. From 2006-07, Ms. Tarantolo clerked for Hon. Sonia Sotomayor, when she was a judge on the Second Circuit Court of Appeals. From 2007-08, Ms. Tarantolo clerked for Hon. Jed S. Rakoff of the Southern District of New York. Ms. Tarantolo worked from 2008-11 at the law firm Jenner & Block as a litigation associate, where she litigated complex civil matters and was awarded the firm's pro bono award for her commitment to pro bono work. Ms. Tarantolo joined NYLAG's Special Litigation Unit as a staff attorney in 2011, became the Unit's Associate Director in 2015, its Co-Director in 2017, and its Director in 2021. While in the Special Litigation Unit, Ms. Tarantolo has acted as counsel, including lead and co-lead counsel, on a large number of class actions and other impact litigation to benefit New Yorkers experiencing poverty. These cases have been in a range of fields, including consumer protection, public benefits, disability rights, and education. In 2024, Ms. Tarantolo was awarded the New York City Bar Association's Legal Services Award in recognition of her career providing free legal services to indigent New Yorkers.

40.    Ms. Tarantolo and I have together litigated a number of consumer class actions and other impact litigation cases that benefit low-income New Yorkers, including *Dupres v. Houslanger &* Associates, 19 Civ. 6691 (E.D.N.Y); *Philemon v. Aries Capital Partners, Inc*., 18 Civ. 1927 (E.D.N.Y.); *Williams v. Equitable Acceptance Corp*., 18 Civ. 7527 (S.D.N.Y.); *Quero v. DeVos*, 18 Civ. 9509 (S.D.N.Y.); *Flores v. Technical Career Institutes, Inc., Adv. Proceeding* No. 18-01554 (Bankr. S.D.N.Y.); *Colon v. DeVos*, 19 Civ. 6597 (S.D.N.Y); and *Burks et al. v. Gotham Process Inc.* 20 Civ. 1001 (E.D.N.Y.).

8

41.     Along with me and Ms. Tarantolo, one paralegal principally worked on this case, Benjamin Toruño, as well as one legal fellow, Andrea Ashburn. Andrea Ashburn is a 2023 graduate of Columbia Law School and has recently been admitted to the New York bar. Mr. Toruño is a 2021 graduate of Brown University.


Dated: January 14, 2025
New York, New York


_____
Jessica Ranucci

9