# EXHIBIT L

SLS141

# WILLIAMS & FUDGE, INC.

TO:    **Student Loan Solutions, LLC**

THIS CONTRACT, ("Contract") made and entered into as of this _____*November 17th*_____,

day of _____*November*_____ 2008, by and between WILLIAMS & FUDGE, INC.,

hereafter called Collector and the above stated business ("Business").

WITNESSETH:

WHEREAS, Business has unpaid accounts ("Accounts") which it desires collected and Collector is qualified to collect such unpaid Accounts and desires to handle such Accounts as referred for collection by Business.

IT IS MUTUALLY AGREED AS FOLLOWS:

1) Collector will accept for collection, upon terms, conditions, and provisions herein set forth, unpaid Accounts as Business refers said Accounts for collection. Collector will maintain licenses, as required by law to collect these Accounts.

Collector agrees to take affirmative action in complying with all Federal and South Carolina requirements concerning fair employment and employment of the handicapped, and concerning the treatment of all employees, without regard or discrimination by reason of race, color, religion, sex, national origin or physical handicap.

2) Collector shall promptly undertake, through proper and lawful means, the collection of all Accounts referred by the Business without regard to the amount. Collector shall, at a minimum, conform to industry standards concerning adherence to guidelines established by the Fair Debt Collection Practices Act and state law.

Collector further agrees to continue compliance training with all current and future employees to ensure Federal and State legal and regulatory compliance..

3) Collector agrees to abide by the principles of the Gramm-Leach-Bliley Act (GLB) as described in 16.CFR Part 314 of the May 23, 2002 Federal Register to secure and protect any nonpublic personal information (as said term is defined by GLB) for all Accounts placed with Collector. Collector agrees to maintain a Safeguard of Information Procedure Report outlining the steps in place to ensure protection of all nonpublic personal information.

ND: 4837-3302-2467, v. 1

SLS142

# WILLIAMS & FUDGE, INC.

4) In the event a claim, complaint, or legal process is filed arising exclusively out of Collector's performance, alleging threats, intimidation, harassment, deception, or any other improper act or practice in violation of any federal or state consumer oriented act and the Business, its agents, officers, or employees is alleged to be actually or contingently liable, the Collector agrees to defend such claim, complaint, or legal process and to hold harmless the Business, its agents, officers, or employees, for any judgment recovered. Said provision shall not apply in the event the Business's acts are the origin of a complaint or lawsuit.

5) Collector shall remit to the Business the net total of funds collected for the Business by the tenth (10) day of each month during the term of this Contract. Collector will provide separate payments as well as separate weekly Accounting statements of all payments received and credited during said period. Business agrees to remit collection fees to Collector in the event payments are made directly to the Business or billing agent.

6) The collection fee shall be ███████████████████████. The collection fee for all Accounts approved for litigation shall be ██████████████. Said fee will be the sole consideration paid Collector for all services set forth in this Contract. Business shall not be liable for any cost or expense incurred by Collector in the collection of Accounts.

7) Collector shall have no independent authority to file suit on any Account referred by Business. Collector must receive written authority from Business prior to filing suit on any Accounts. Collector shall make every effort to collect Accounts prior to making suit recommendations.

8) Business agrees that the assessment, calculation, and/or addition of student paid collection costs or other fees to any Account placed with Collector will be in compliance with applicable laws governing placement and/or collection of said amounts. Further, any of the above described costs/fees will comply with federal laws and regulations governing student paid collection costs. Placement of Accounts with student paid collection costs added to the Accounts is on an individual Account basis by the Business at the Business's sole discretion. Costs/fees will be added and/or assessed by the Business in compliance with all the applicable laws governing placement and/or collection of any amount exceeding the principal.

Non-federal student loans and/or any other Business receivables that are placed for collection shall have additional student paid collection costs or fees added only when permitted by law. Where a written agreement signed by the student or borrower is required, the Business understands and agrees there is an express written contract, promissory note, electronic signature, and/or any other contractual instrument that meets the applicable legal standards where the debt was incurred.. The Business understands and accepts that student paid collection costs and other fees are a function of the student's relationship with the original creditor and not a contractual relationship between the Collector and the student or borrower.

For the collection of federal student loans where federal law preempts state law, assessment, calculation, and/or addition of student paid collection costs will be

SLS143

# WILLIAMS & FUDGE, INC.

determined by the promissory note(s) and any federal laws and regulations governing collection of the debt.

Once Business places an Account with Collector, the Business further authorizes the Collector to update the amount owed with any additional accrual of principal, interest, late fees, and student paid collection costs as defined by the contractual relationship between the original creditor and the student, and governed by state and federal law.

9)    Upon request by the Business, Collector agrees to accept cancellations deferments, or postponements and no fees shall be charged to the Business for Collector assistance in obtaining and processing such.

10)    Collector agrees to suspend action either temporarily or permanently on any Accounts referred for collection upon notification by Business.  Collector has no authority to settle any Account balance, and Business will provide written approval on any Accounts the Business agrees to resolve through settlement.

11)    Collector agrees to implement thorough collection procedures in the attempt to achieve a maximum recovery of debts.  Such procedures may include, but are not limited to, a reasonable number of telephone calls along with a reasonable number of mail efforts. Skip tracing procedures will be used wherever necessary.

12)    Collector will maintain a fidelity bond in the amount of ▆▆▆▆▆▆▆ ▆▆▆▆▆▆ dollars; said bond being for the benefit of Business.  Upon written request,  Collector will notify Business of the name of the bonding company, and if any change occurs in the bond, Collector will notify Business of said change.

13)    This Contract may be terminated for any reason by either party upon submission of a thirty (30) day written notice thereof.  Termination by Business for cause, default, or negligence on the part of the Collector shall be excused from the thirty (30) day notice.

14)    Payment by Business to Collector pursuant to this Contract constitutes sufficient rent on an ongoing basis for the duration of this Contract for space on CR Software, use of Collector's other software and technology, email by and between Business on Collector's server, meeting space for Business at Collector's office, and any other normal business practice necessary for Business with consent of Collector.

(SIGNATURE PAGE ATTACHED)

ND: 4837-3302-2467, v. 1

SLS144

# WILLIAMS & FUDGE, INC.

IN WITNESS WHEREOF, the parties have executed this contract in duplicate on the date written.

**Student Loan Solutions, LLC**

By:_____

Printed Name:_Christopher P. Ruh_____

Title:____General Manager_____

Date:____11/17/08_____

**Williams & Fudge, Inc.**

By:_____

Printed Name:_Robert J. Perrin_____

Title:____President_____

Date:____November 17, 2008_____

ND: 4837-3302-2467, v. 1

# WILLIAMS & FUDGE, INC.

## CONTRACT ADDENDUM

The addendum as described below is made and entered into as of this 25th, day of October 2017, by and between Williams & Fudge, Inc., hereafter called Collector and Student Loan Solutions, LLC, hereafter called Institution.

Effective on this date, Collector agrees to the following new fee structure for any accounts referred after this date by Institution:

on non-litigated accounts
on litigated accounts

Institution agrees that the assessment, calculation, and/or addition of student paid collection costs or other Institution fees to any account placed with Collector will be in compliance with applicable state laws governing placement and/or collection of said amounts in the state in which the debt was incurred. Further, any of the above described costs/fees will comply with federal laws and regulations governing student paid collection costs. Placement of accounts with student paid collection costs and/or Institution fees added to the accounts is on an individual account basis by the Institution at the Institution's sole discretion. Costs/fees will be added and/or assessed by the Institution based upon the reasonableness standard under all the applicable laws governing placement and/or collection of any additional amounts.

Non-federal student loans and/or any other institutional receivables that are placed for collection shall have additional student paid collection costs or Institution fees added only when permitted by law. Where an agreement is required to be permitted by law, the Institution understands and agrees there is an express written agreement, promissory note, electronic signature, and/or any other contractual instrument that meets the legal standards where the debt was incurred creating a legal obligation between the student and the Institution. The Institution understands and accepts that student paid collection costs and other fees are a function of the student's relationship with the Institution and not a contractual relationship between the Collector and the student.

Once Institution places an account with Collector, the Institution further authorizes the Collector to update the amount owed with any additional accrual of principal, interest, late fees, and student paid collection costs as defined by the contractual relationship between the Institution and the student and governed by state and federal law.

SIGNATURE PAGE FOLLOWS

SLS146

# WILLIAMS & FUDGE, INC.

IN WITNESS WHEREOF, Collector and Institution have caused this agreement to be executed by their duly authorized representatives on the date first above written,

**Student Loan Solutions, LLC**

By:_____

Printed Name:___Christopher P. Ruh_____

Title:__General Manager_____

Date:___October 25, 2017_____

**Williams & Fudge, Inc.**

By: _____

Printed Name:_David C. Williams_____

Title: _President_____

Date_: October 25, 2017_____