# EXHIBIT V

**IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION**

STUDENT LOAN SOLUTIONS, LLC,

      Plaintiff,

                                        Case Number: 23-CC-11878

vs.

LISA A. DIGIORE, and
DARLA JEAN WOODRUM a/k/a
DARLA JEAN WELLS,

      Defendants.

_____/

## <u>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>

THIS CAUSE having come on before the Court at hearing on Friday, May 31, 2024, at 10:00 a.m., upon Defendants, Lisa A. DiGiore and Darla Jean Woodrum a/k/a Darla Jean Wells ("Defendants") *Motion* [*for*] *Summary Judgment* ("Motion"; DIN #42), and the Court, having reviewed the Motion, Plaintiff, Student Loan Solutions, LLC's ("Plaintiff") *Response in Opposition to Defendants' Motion for Summary Judgment* (DIN #57), court file, having heard argument of counsel for both parties, and being otherwise fully apprised in the matter, it hereby finds and holds as follows:

## <u>FACTUAL & LEGAL FINDINGS</u>

1.      Plaintiff's case was filed on February 10, 2023.

2.      The contract at issue has a California choice of law provision.

3.      California has a 4-year statute of limitations for breach of contract. Cal. Civ. Code, §337(a).

4.      Under California law, a cause of action for breach of contract accrues upon the

1

breach, however, "the presence in a promissory note of a positive nonoptional acceleration clause does not have a self-operative effect so that the statute of limitations begins to run immediately upon the happening of a default in a payment which the notice specifies shall be made on a designated date." *See Trigg v. Bessie Rowntree Arnott*, 22 Cal.App.2d 455, 458-459 (Cal. 4th DCA 1937) (internal citations omitted). Therefore, in cases involving contracts that set out payments on specific dates, the statute of limitations begins to run on the breach of each individual payment, absent "some affirmative action on the part of the holder of a note" to demand the entire amount owed thereunder. *Id.* The affirmative action of acceleration taken by the holder of the note must be clear and unequivocal. *In re Crystal Properties, Ltd., L.P.*, 268 F.3d 743, 750-51 (9th Cir. 2001).

5.      Williams and Fudge, Inc. ("W&F") acted as Plaintiff's agent for purposes of collecting the alleged debt sought herein.

6.      On or about November 17, 2017, W&F sent a letter to Defendants on behalf of the Plaintiff. Said letter is attached to Defendant's Motion as **Composite Exhibit D** (DIN #46).

7.      On or about October 18, 2018, W&F sent an e-mail to Defendants on behalf of the Plaintiff. Said e-mail is attached to Defendant's Motion as **Exhibit E** (DIN #47).

8.      On or about October 19, 2018, W&F sent a letter to Defendants on behalf of the Plaintiff. Said e-mail is attached to Defendant's Motion as **Exhibit B** (DIN # 44).

9.      Each of these communications, referenced in paragraphs 6-8 above, were a clear and unambiguous acceleration of the alleged debt that is the subject of this case.

10.     The Court rejects Plaintiff's agency argument and finds that W&F had authority to send these communications and employ the language contained therein.

2

11. Therefore, based upon the undisputed dates, Plaintiff had until, at the latest, October 19, 2022, to file its claim.

12. Plaintiff failed to timely file its claim pursuant to the applicable 4-year statute of limitations under California law.

13. As such, Plaintiff's claim is time-barred.

14. As the Court finds this case was filed outside the applicable statute of limitations, it makes no ruling on Defendant's Motion's argument that no debt is owed.

Accordingly, for the reasons outlined in the Motion and argued at hearing, it is:

**ORDERED AND ADJUDGED** that Defendants' Motion is hereby **GRANTED**. The Court enters final summary judgment in favor of the Defendants and against the Plaintiff. Plaintiff shall take nothing by this action and Defendants shall go hence without day. The Court reserves jurisdiction of the case and parties for all lawful purposes, including, but not limited to determining entitlement to, and an award of, attorneys' fees and costs.

**DONE AND ORDERED** in Chambers in Hillsborough County, Florida, on this ___ day of _____, 2024.

23-CC-011878 6/7/2024 10:50:29 PM

**23-CC-011878 6/7/2024 10:50:29 PM**

The Honorable Matthew A. Smith
County Court Judge

Conformed copies to:
**G. Tyler Bannon, Esq.,** via tyler@rbannonlaw.com
**Jessie E. Bowden, Esq. & Jason D. Barlow, Esq.,** via pleadings@bowdenbarlow.com

3