UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————

ROXANNE DAWSON

     Plaintiff,                                            Case No.: 1:23-cv-09690

vs.

STUDENT LOAN SOLUTIONS, LLC
ROACH & MURTHA ATTORNEYS AT LAW, P.C.

     Defendants.
———————————————————————

**REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT
STUDENT LOAN SOLUTIONS, LLC'S MOTION FOR SUMMARY JUDGMENT**

**LIPPES MATHIAS LLP**
Brendan H. Little, Esq.
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
T: (716) 8535100
F: (716) 853-5199
E: blittle@lippes.com

*Counsel for Defendant Student Loan Solutions, LLC*

## TABLE OF CONTENTS

**TABLE OF CONTENTS** ................................................................................................................ i

**TABLE OF AUTHORITIES** ......................................................................................................... ii

**INTRODUCTION** ......................................................................................................................... 1

**ARGUMENT** ................................................................................................................................. 1

**A.    PLAINTIFF'S LOAN** ........................................................................................................ 1

   1.  **Absent Acceleration, Each Missed Payment Has its Own Statute of Limitations** ........ 1

   2.  **Plaintiff Cannot Establish Her Loan Was Accelerated Prior to December 1, 2021** ..... 6

   3.  **SLS Reviewed Sufficient Documentation** .................................................................... 9

   4.  **SLS Only Sought Amounts Owed** ................................................................................ 9

**B.    PLAINTIFF'S CLAIMS FAIL** ........................................................................................ 10

**CONCLUSION** ........................................................................................................................... 10

# TABLE OF AUTHORITIES

### Cases

*Andrews v. Zook*, 13 P.2d 518 (Cal. Dist. Ct. App. 1932) ............................................................2

*Anson v. United States*, 294 F. Supp. 3d 144 (W.D.N.Y. 2018)......................................................8

*Anton A. Vreede, M.D., P.C. v. Koch*, 380 S.E.2d 615 (N.C. Ct. App. 1989)............................4, 6

*Belloc v. Davis*, 38 Cal. 242 (Cal. 1869)..........................................................................................2

*Brazelton v. Student Loan Solutions, LLC*, 392 So.3d 826 (Mem) (Fla. Dist. Ct. App. Sept. 4, 2024)................................................................................................................................6

*Educ. Res. Inst., Inc. v. Yokoyama*, No. B194973, 2008 WL 3906834 (Cal Ct. App. Aug. 26, 2008) (unpublished) ...........................................................................................................4

*First Bank Investor's Trust v. Tarkio Coll.*, 129 F.3d 471 (8th Cir. 1997).......................................6

*Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14 (2d Cir. 1995) ..............................7

*Green v. Carlstrom*, 27 Cal. Rptr. 850 (Cal. Dist. Ct. App. 1963) ..................................................6

*Greene v. Hellman*, 51 N.Y.2d 197 (1980) .....................................................................................7

*In re Bennett Funding Group, Inc.*, 292 B.R. 476 (N.D.N.Y. 2003)................................................5

*In re Crystal Properties, Ltd., L.P.*, 268 F.3d 743 (9th Cir. 2001)...................................................6

*In re Holiday Mart, Inc.*, 9 B.R. 99 (Bankr. Haw. 1981).................................................................6

*Kenney v. Los Feliz Inv. Co.*, 9 P.2d 225 (Cal. Dist. Ct. App. 1932) ..............................................1

*Lavelle-Tomko v. Aswad & Ingraham*, 143 N.Y.S.3d 109 (3d Dept. 2021) ...................................8

*Loaiza v. Lam*, 968 N.Y.S.2d 548 (2d Dept. 2013) .........................................................................8

*Mills v. Herrod*, 112 Cal. Rptr. 397 (Cal. Ct. App. 1974)...............................................................2

*Phoenix Acquisition Corp. v. Campcore, Inc.*, 81 N.Y.2d 138 (1993) ...........................................5

*Piedmont Capital Mgmt., L.L.C. v. McElfish*, 312 Cal. Rptr. 3d 664 (Cal. Ct. App. 2023) ...........3

*Poseidon Dev. Inc. v. Woodland Lane Estates, LLC*, 62 Cal. Rptr. 3d 59 (Cal. Ct. App. 2007) 2, 3

*Spitser v. Kentwood Home Guardians*, 100 Cal. Rptr. 798 (Cal. Ct. App. 1972).........................4

Case 1:23-cv-09690-MKV    Document 109    Filed 04/11/25    Page 4 of 14
*Student Loan Solutions, LLC v. Colon*, 135 N.Y.S.3d 262 (Table), (N.Y. Sup. Ct. Dec. 10, 2020) ...................................................................................................................................7

*Student Loan Solutions, LLC v. Colon*, 220 N.Y.S.3d 810 (2d Dept. 2024)................................8

*Wentland v. Stewart*, 19 N.W.2d 661 (Iowa 1945).......................................................................6

**Statutes**

15 U.S.C. § 1692e........................................................................................................................10

15 U.S.C. § 1692f ........................................................................................................................10

15 U.S.C. 1692g...........................................................................................................................10

C.P.L.R. § 206(a ............................................................................................................................5

Cal. Civ. Code, § 1638 .........................................................................................................3, 4, 5

Cal. Civ. Code, § 1644 ..................................................................................................................3

N.Y. G.B.L. § 349........................................................................................................................10

**Rules**

Cal. Rules of Court 8.115(a)..........................................................................................................4

**Treatises**

11 Am. Jur. 2d *Bills & Notes* § 294 (1963)..................................................................................4

18 S. Williston, *Contracts* §§ 2027, 2027B (3d ed. 1978)............................................................4

iii

## INTRODUCTION

Plaintiff Roxanne Dawson ("Plaintiff") and her father obtained a student loan from Bank of America, N.A. ("BOA"). The note required them to repay the loan in 240 consecutive monthly payments and contained a provision allowing the creditor to declare the whole loan due with respect to each payment default. Plaintiff defaulted on a majority of the payments. Student Loan Solutions, LLC ("SLS") purchased Plaintiff's loan and others from BOA. SLS exercised its right to declare the whole loan due and filed suit. Plaintiff brings this action contending her loan could not be accelerated but, if it could, SLS misrepresented the acceleration date. Plaintiff misreads of the terms of her loan agreement and those of putative class members. Plaintiff's agreement clearly and unequivocally gave SLS the right to accelerate her loan and she identifies no evidence establishing either BOA or SLS accelerated her loan previously. Given that Plaintiff cannot, as a matter of law, establish SLS's action was time-barred either as to her loan or putative class members' loans, the Court must grant summary judgment in favor of SLS on all claims.

## ARGUMENT

### A. PLAINTIFF'S LOAN

#### 1. Absent Acceleration, Each Missed Payment Has its Own Statute of Limitations

The terms of Plaintiff's loan clearly and unequivocally require regular monthly payments. (56.1, ¶¶ 3-4). California law is clear each such payment is an "installment."

> The word "installment" is one of common use, and has a well-accepted meaning. Century Dictionary defines installment as "Partial payments on account of a debt due." Standard Dictionary gives this definition: "A partial payment of a price or debt due." Bouvier's Law Dictionary gives this definition: "A part of a debt due by contract and agreed to be paid at a time different from that fixed for the payment of the other part.

*Kenney v. Los Feliz Inv. Co.*, 9 P.2d 225, 228 (Cal. Dist. Ct. App. 1932). "Under these definitions, a payment need only be part of the whole in order to be an 'installment.'" *Poseidon Dev. Inc. v.*

1

*Woodland Lane Estates, LLC*, 62 Cal. Rptr. 3d 59, 64 (Cal. Ct. App. 2007); *see, also, Mills v. Herrod*, 112 Cal. Rptr. 397, 400 (Cal. Ct. App. 1974) ("Installment is defined as 'one of several successive payments in settlement of a debt.'") (quoting Am. Heritage Dict., 1969 ed.).

Plaintiff inaccurately relies on a strained interpretation of her note to conclude there was but one default. She cherry picks some language while simultaneously ignoring other key language to reach this conclusion. She cites the "WHOLE LOAN DUE" provision, which states:

> To the extent permitted by applicable law, **I will be in default** <u>and you have the right to give me notice that the</u> **whole outstanding principal balance, accrued interest, and all other amounts payable** to you under the terms of this Credit Agreement, **are due and payable** at once (subject to any applicable law which may give me a right to cure my default) **if:** (1) **I fail to make any monthly payment to you when due…**

DE 106, p. 9 (citing SLS C.S. ¶ 9(a) (in part); ECF NO. 85-5 at 24 ¶ I (in full) (boldface added by Plaintiff; underline added). Plaintiff treats this language as self-operative, ignoring the underlined portion requiring notice and long-standing California law holding such clauses are **not** self-operative. *See Andrews v. Zook*, 13 P.2d 518, 520 (Cal. Dist. Ct. App. 1932) ("[A] careful reading of the Belloc Case and those cases following it indicates that our courts have adopted the broad principle that acceleration clauses of like character are not absolute or self-operative; that they are for the benefit of the creditor; and that **failure to pay an installment of principal when due cannot be taken advantage of by the debtor to mature the indebtedness.**") (emphasis added).[1]

The note's non-waiver provision further supports this interpretation. *See* 56.1, ¶ 6; DE 85-5, p. 25, ¶ L.3 ("You may delay, fail to exercise, or waive any of your rights on any occasion

---

[1] In *Belloc*, the acceleration provision said: "'and in case default be made in any payment of interest, when the same shall be come due as aforesaid, then the whole amount of principal and interest to become due and payable, immediately, upon such default.'" *Belloc v. Davis*, 38 Cal. 242, 247 (Cal. 1869) (quoting note). Unlike the language here, this language is self-operative on its face. Yet, the California Supreme Court held otherwise. *Id.* at 251 ("The defendants are estopped from alleging that their own default had the effect to shorten the credit for which the note stipulates[.]"). Based on law settled for over 155 years and the language of the note, no reasonable argument can be made that the "WHOLE LOAN DUE" provision is self-operative.

without losing your entitlement to exercise the right at any future time, or on any future occasion.")[2]  Stated differently, each payment missed gave the creditor the right to declare the whole loan due and the election to not do so with respect to one payment default did not preclude the ability to do so with respect to each and every subsequent payment default.  This is the only reasonable interpretation of Plaintiff's note.

> When a dispute arises over the meaning of contract language, the first question to be decided is whether the language is reasonably susceptible to the interpretation urged by the party.  If it is not, the case is over.
> \* \* \*
> Where the contract language is clear and explicit and does not lead to absurd results, we normally determine intent from the written terms alone.  ([Cal.] Civ. Code, § 1638.)  Those terms are to be understood in their ordinary and popular sense, unless used by the parties in a technical sense, or unless a special meaning is given to them by usage.  (*Id.*, § 1644.)

*Poseidon Dev.,* 62 Cal. Rptr. 3d at 63 (citations and quotation marks omitted); *see, also, Piedmont Capital Mgmt., L.L.C. v. McElfish*, 312 Cal. Rptr. 3d 664 (Cal. Ct. App. 2023).[3]

Attempting to avoid this reality, Plaintiff argues the contract is not divisible, even citing to portions of *Piedmont*.  DE 106, pp. 11-12.  However, she ignores the ultimate holding in *Piedmont*, which says "in this case, the parties have—by their express designation of a maturity date and use of a clause that grants the lender discretion over whether to accelerate that maturity date— explicitly evidenced a mutual intent to make the duty to pay the whole amount distinct from (and hence divisible from) the duty to make a single payment."  *Piedmont*, 312 Cal. Rptr. 3d at 674.  The same is true of Plaintiff's loan.  *See* DE 85-5, p. 24, ¶ E.2 (defining "Repayment Period"); p.

---

[2] "You" is defined a "Bank of America, National Association."  *See* DE 85-5, p. 23.

[3] "[McElfish] argues that the acceleration clause was not discretionary (and hence that the duty to pay the entire amount is not divisible from the duty to make a single payment) because the HELOC agreement spells out that the he would be "in default" the moment he failed to make even one payment.  McElfish's conclusion does not follow from its premise: Although the HELOC agreement provides that a single nonpayment puts the borrower "in default," being in default is merely what gives the lender the option of invoking the acceleration clause in the first place.  McElfish's argument collapses the two events (default and acceleration) into a single event, and robs the discretionary acceleration clause of any effect in derogation of the principle that we cannot rewrite contracts." *Id.* at 673.

23. ¶ B.2 (incorporating Note Disclosure Statement); p. 30 (showing 240-month repayment period); p. 24, ¶ I (allowing lender to give notice declaring whole loan due for any payment default); p. 25, ¶ L.3 (non-waiver provision). Taken together, these provisions show a defined repayment period and grant the creditor the discretion to accelerate the maturity.[4] Plaintiff also attempts to argue "conduct" and "course of performance" as supporting her strained interpretation. DE 106, p. 10, 12. While SLS disagrees, the Court need not consider conduct because the note's language is clear. *See Spitser v. Kentwood Home Guardians*, 100 Cal. Rptr. 798, 802 (Cal. Ct. App. 1972) ("[W]hen language is clear and explicit, does not involve an absurdity (Civ. Code s 1638) and no ambiguity is shown, evidence of conduct is irrelevant."). Even if conduct mattered, Plaintiff was obligated to continue making monthly payments in the absence of any specific requests from the creditor. DE 85-5, p. 24. ¶ E.2 ("Even if I do not receive monthly statements, I will make consecutive monthly payments…").

Plaintiff directs the Court to a single case identifying similar language. DE 106, p. 12, n.4 (citing *Educ. Res. Inst., Inc. v. Yokoyama*, No. B194973, 2008 WL 3906834 (Cal Ct. App. Aug. 26, 2008) (unpublished)). While the court there identified a WHOLE LOAN DUE provision and a singular default date, it did not analyze the language or explain the basis for the default. *Yokoyama*, 2008 WL 3906834, at *1. More importantly, the opinion is not precedent.[5] A single

---

[4] This concept was perhaps most succinctly explained by the North Carolina Court of Appeals. *See Anton A. Vreede, M.D., P.C. v. Koch*, 380 S.E.2d 615, 616 (N.C. Ct. App. 1989) ("Generally, an acceleration clause provides that the maturity date of the note may be accelerated and the entire contract declared due and payable immediately upon default by the obligor. Without such a clause the obligee would have to wait until each installment was due and then sue for each individual defaulted installment. *See generally* 18 S. Williston, *Contracts* §§ 2027, 2027B at 791, 794-95 (3d ed. 1978) (hereinafter cited as *Williston*). Acceleration does not occur automatically upon default, even if the contract does not expressly provide for acceleration at the option of the obligee. *Williston*, § 2027 at 791; 11 Am. Jur. 2d *Bills & Notes* § 294 at 318 (1963). The rationale is that the acceleration clause is for the sole benefit and security of the creditor and he must elect to take advantage of it. *Id.*").

[5] Cal. Rules of Court 8.115(a) ("Except as provided in (b), an opinion of a California Court of Appeal…that is not certified for publication or ordered published **must not** be cited or relied on by a court or a party in any other action.") (emphasis added).

non-precedential opinion identifying but not analyzing similar language is wholly insufficient to overcome the clear language of the note and binding authority supporting SLS's interpretation. Tellingly, not a single court considering the language in a case involving SLS interprets the note as Plaintiff espouses, including those who ruled against SLS.

Finally, Plaintiff argues the statute of limitations began running on the first missed payment, because the creditor could have declared the whole loan due at that time. DE 106, p. 14. But Plaintiff ignores the note's non-waiver provision, which means the creditor's election to not accelerate the loan on the first missed payment did not prejudice its right to do so for any subsequent missed payment. *See* DE 85-5, p. 25, ¶ L.3; Cal. Civ. Code § 1638. C.P.L.R. § 206(a) does not change this outcome. As explained, when a cause of action accrues is governed by California law and the right to accelerate is substantive. DE 101, pp. 19-20. CPLR § 206(a) does not and cannot render an optional acceleration clause mandatory. *See In re Bennett Funding Group, Inc.*, 292 B.R. 476, 480 (N.D.N.Y. 2003) ("Although [*Phoenix Acquisition Corp. v. Campcore, Inc.*, 81 N.Y.2d 138 (1993)] did not specifically discuss CPLR § 206, it did involve identical arguments that are made here. Similarly, while the Court of Appeals did not discuss § 2027 of Williston on Contracts, it disapproved of the conclusion espoused by that section of the treatise. Because the New York Court of Appeals rejected the argument that a cause of action accrues upon the initial default in an installment payment, it similarly must be rejected here. This is in accord with numerous other cases and authorities holding that causes of action seeking to recover the entire contractual amount on installment contracts containing an optional acceleration clause do not accrue until the option is exercised.").[6] The reason is simple and obvious: the terms

---

[6] Notwithstanding Plaintiff's contention to the contrary, WFI's software likewise does not change the nature of Plaintiff's or any class member's loan. Software is a tool that is only as good as the inputs. With respect to defaults, while Plaintiff's and the class members' loans are each subject to multiple defaults (as explained herein and

5

of the note give the creditor a separate right to accelerate for each defaulted payment.

### 2. Plaintiff Cannot Establish Her Loan Was Accelerated Prior to December 1, 2021

"The exercise of the option to accelerate must be in a manner that is clear and unequivocal and effectively informs the maker that the option has been exercised…" *In re Crystal Properties, Ltd., L.P.*, 268 F.3d 743, 750-51 (9th Cir. 2001) (quoting *In re Holiday Mart, Inc.*, 9 B.R. 99, 105 (Bankr. Haw. 1981)). "[I]f there is a reasonable doubt as to the meaning of the terms employed preference should be given to the construction which will … prevent acceleration of maturity." *Id.* at 751 (quoting *First Bank Investor's Trust v. Tarkio Coll.*, 129 F.3d 471, 475 (8th Cir. 1997)); *see, also, Koch*, 380 S.E.2d at 617 ("While it is not entirely clear from the letter that defendants were threatened with a suit to collect RKC's debt, 'a mere threat to commence suit followed by a subsequent statement that "all are now due" is not sufficient either to set in motion the limitations statue or to establish an earlier maturity date for any purpose.'") (quoting *Wentland v. Stewart*, 19 N.W.2d 661, 663 (Iowa 1945)). This can be done by providing express notice (as SLS did with Plaintiff) or by filing suit for the total balance (as SLS did with certain putative class members).[7]

Plaintiff relies solely on communications from WFI to attempt to establish a prior acceleration, which is unavailing for two reasons. First, letters identifying the charged off balance which do not demand immediate payment of the same are insufficient to accelerate a loan. *See* DE 101, pp. 11-12; DE 100-4, p. 2; *Brazelton v. Student Loan Solutions, LLC*, 329 So.3d 826 (Mem) (Fla. Dist. Ct. App. Sep. 4, 2024). Second, WFI lacked authority to accelerate on behalf

---

previously), WFI's software can only list a singular date. DE 85-2, pp. 113-115. The limitations in WFI's software did not and could not alter the clear and unequivocal terms of Plaintiff's or class members' loan agreements.

[7] *See, e.g., Green v. Carlstrom*, 27 Cal. Rptr. 850, 852 (Cal. Dist. Ct. App. 1963) ("[T]he election to accelerate a note may be evidenced by the commencement of an action thereon."). SLS is not asserting Plaintiff's or any class members' loan is subject to "two parallel statute of limitations regimes." DE 106, p. 11. Rather, SLS interprets each note consistent with California law—each missed installment is a separately actionable breach unless and until the loan is accelerated, which can be done by providing express notice or filing suit. SLS accelerated some loans in the portfolio by filing suit because all amounts due—i.e. each and every defaulted payment then owed—was within the applicable statute of limitations. *See* DE 99, p. 2, ¶¶ 8-9.

of BOA and could only accelerate for SLS by following specific steps, which it did not do until December 1, 2021. (56.1, ¶¶ 9, 18). Plaintiff counters, arguing WFI's right to collect on behalf of BOA means BOA must have granted WFI authority to alter BOA's contractual rights. DE 101, p. 16. Plaintiff provides no evidence BOA granted WFI such authority. Recognizing this problem, Plaintiff instead suggests BOA implicitly granted WFI such authority. DE 101, p. 16.

However, Plaintiff also provides no evidence of implicit authority. *See Greene v. Hellman*, 51 N.Y.2d 197, 204 (1980) ("As with implied actual authority, apparent authority is dependent on verbal or other acts ***by a principal*** which reasonably give an appearance of authority to conduct the transaction, except that, in the case of implied actual authority, these must be brought home to the agent while, in the apparent authority situation, it is the third party who must be aware of them…") (citations omitted and emphasis added). WFI says BOA did not authorize WFI to accelerate Plaintiff's or any other class member's loan. Plaintiff provides no evidence BOA did in fact provide such authorization, no evidence BOA suggested to WFI that WFI had such authority, and no evidence BOA suggested to Plaintiff or anyone else that WFI had such authority. Without any evidence BOA accelerated Plaintiff's loan, either directly or through some authority provided to WFI, Plaintiff cannot, as matter of law, establish her loan was previously accelerated.[8]

Plaintiff criticizes SLS's attempts to distinguish *Colon*, including its argument that SLS's attorney did not take the necessary steps. DE 106, pp. 16-17. But that is exactly what the trial court said. *See Student Loan Solutions, LLC v. Colon*, 135 N.Y.S.3d 262 (Table), at *1 (N.Y. Sup. Ct. Dec. 10, 2020) ("Notwithstanding plaintiff's arguments that Williams & Fudge, Inc. lacked authority to accelerate the debt, plaintiff cannot use one letter from this entity to prove acceleration

---

[8] "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995).

of the loan and deny that it was authorized to do so in another letter when such letters on their face indicate agency and ***no affidavit was provided which showed otherwise.***") (emphasis added). SLS was neither able to counteract this issue on appeal nor able to argue the trial court improperly found apparent authority based solely on the communication of an agent. *See Student Loan Solutions, LLC v. Colon*, 220 N.Y.S.3d 810, 813 (2d Dept. 2024) ("The plaintiff's remaining contentions are improperly raised for the first time on appeal."); *Loaiza v. Lam*, 968 N.Y.S.2d 548, 550 (2d Dept. 2013) ("To create an apparent or ostensible agency, the plaintiff must reasonably rely on the appearance of authority, based on some misleading words or conduct ***by the principal, not the agent.***") (emphasis added).

Even if the Court agreed with *Colon's* interpretation of the letters, which it should not, *Colon* is distinguishable from this case. First, despite Plaintiff failing to present evidence WFI had actual, implied, or apparent authority to accelerate Plaintiff's (or any class member's) loan on behalf of BOA, SLS has provided evidence WFI lacked such authority—unlike in *Colon*, for which the trial court faulted SLS. Second, SLS had the burden of proving its claim was timely in *Colon* but, here, Plaintiff has the burden of proving SLS's lawsuit was time-barred. *See Lavelle-Tomko v. Aswad & Ingraham*, 143 N.Y.S.3d 109, 113 (3d Dept. 2021) ("In seeking to obtain a dismissal of an action based on the statute of limitations, defendants bore the initial burden of demonstrating that the time within which to commence had expired, including establishing the date that the cause of action accrued… If defendants met that initial burden, the burden then shifted to plaintiff to raise a question of fact as to whether the statute of limitations has been tolled or was otherwise inapplicable…") (citations and quotation marks omitted); *Anson v. United States*, 294 F. Supp. 3d 144, 149 (W.D.N.Y. 2018) ("In a civil case, the plaintiff bears the burden of proving the elements of his claim…") (citation and quotation marks omitted). Because Plaintiff cannot and has not

8

established her loan was previously accelerated, her claims fail.

### 3. SLS Reviewed Sufficient Documentation

Plaintiff argues SLS "had to perform a baseline review so that its claimed acceleration was not misleading…" DE 106, p. 19. But SLS did conduct such a review, which included calculations of the principal portion of the loan unequivocally within the statute of limitations, the loan agreement, the note disclosure statement, the payment history, and its acceleration notice. DE 85-5, pp. 2-48. Plaintiff contends SLS needed to review more documents, but does provide the content of such documents or explain why or how such documents would preclude SLS from exercising its option to accelerate. Plaintiff cannot rely solely on speculation that additional documents would have yielded a different conclusion. She must provide evidence, which she has not.

### 4. SLS Only Sought Amounts Owed

FDCPA Section 1692f prohibits a collection agency from seeking more than the amount of a debt. But nothing in the statute prevents a collection agency from seeking *less* than the amount owed. SLS used a conservative calculation to ensure it was unquestionably seeking amounts within the applicable statute of limitations, thereby effectively waiving additional amounts owed. Plaintiff contends this decision results in a "fake" amount. DE 106, p. 20. But this amount is not "fake" but, rather, a portion of what Plaintiff owed. For example, if a debtor owed a creditor $12,000, the creditor could elect to bring suit for $10,000 in small claims court and forego the remaining balance.[9] Doing so does not render the $10,000 amount sought "fake." Instead, it is an election by the creditor to forego a portion of what was owed. SLS could, and did, make the unilateral decision to forego a portion of the debt. *See* DE 85-5, p. 25, ¶ L.3; DE 99, pp. 2-3, ¶¶

---

[9] *See, e.g.,* https://ww2.nycourts.gov/courts/nyc/smallclaims/general.shtml#:~:text=The%20Small%20Claims%20Court%20has,or%20in%20a%20different%20court. (last visited Apr. 11, 2025) (showing $10,000 limit for small claims court)

9

13-15. Plaintiff even concedes this calculation results in a lower total than typical amortization. DE 107, p. 9. ¶¶ 27-28. The note gives SLS the unequivocal right to waive any of its rights, and it did so to ensure it was not seeking to collect more than what was owed. But nothing in note, FDCPA, California law or New York law requires SLS to seek the full amount owed. Yet, Plaintiff seeks to hold SLS liable for exercising fewer than all of its rights.

### B. PLAINTIFF'S CLAIMS FAIL

Plaintiff asserts violations of FDCPA section 1692e and GBL § 349 based on supposed misrepresentations regarding acceleration and the amount owed. But as explained herein and previously, Plaintiff's loan was due in divisible installments and was not accelerated until SLS did so in 2021. Plaintiff asserts SLS violated section 1692f by seeking amounts not owed, but SLS only sought an amount less than the total amount she owed. Plaintiff asserted that SLS violated FDCPA section 1692g, but appears to have abandoned that claim. In short, Plaintiff has not and cannot establish SLS violated either the FDCPA or GBL § 349. SLS is therefore entitled to summary judgment on all claims.

### CONCLUSION

WHEREFORE, for the reasons stated herein and previously, the Court should enter summary judgment in favor of SLS on all claim.

Dated: April 11, 2025.

                **LIPPES MATHIAS LLP**

                /s/ Brendan H. Little
                Brendan H. Little, Esq.
                50 Fountain Plaza, Suite 1700
                Buffalo, New York 14202
                T: (716) 853-5100
                F: (716) 853-5199
                E: blittle@lippes.com

                *Counsel for Defendant Student Loan Solutions, LLC*