UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROXANNE DAWSON; individually and on behalf of all persons similarly situated,
Plaintiff,

-against-

STUDENT LOAN SOLUTIONS, LLC,
Defendants.

**23-CV-9690 (MKV) (OTW)**

**AMENDED ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND PROVISIONALLY CERTIFYING SETTLEMENT CLASS**

ONA T. WANG, United States Magistrate Judge:

This matter comes before the Court on the motion of Plaintiff Roxanne Dawson, on behalf of herself and putative New York Class Members, with the consent of Student Loan Solutions, LLC ("SLS"), for preliminary approval of the Settlement Agreement between Plaintiff and SLS dated October 20, 2026, and related relief.

**NOW IT IS HEREBY ORDERED AS FOLLOWS:**

1. Definitions. For the purposes of this Order, the Court adopts by reference the definitions set forth in the "Definitions" sections of the Settlement Agreement.

2. Certification of the Class. The Court provisionally finds that the proposed class meets the requirements set forth in Fed. R. Civ. P. 23(a), 23(b)(2) and 23(b)(3), and hereby:

   (a) Provisionally certifies under both Fed. R. Civ. P. 23(b)(2) and 23(b)(3), for purposes of the proposed Settlement only, pending a Fairness Hearing and further order of the Court, a class consisting of: All individuals whom Student Loan Solutions approved

for litigation in New York to collect on a student loan that Student Loan Solutions purchased from Bank of America on October 31, 2017 and sent a letter purporting to accelerate their loans (the "New York Class");

(b) For the purposes of the proposed Settlement, approves Roxanne Dawson as Class Representative; and

(c) For the purposes of the proposed Settlement, appoints the New York Legal Assistance Group as Class Counsel pursuant to Fed. R. Civ. P. 23(g).

3. Preliminary Approval: The Court preliminarily approves the proposed Settlement as set forth in the Settlement Agreement as providing sufficiently fair, reasonable, and adequate relief to the New York Class, and finds that it is the result of intensive arms-length negotiations between experienced attorneys familiar with the legal and factual issues of this case. Specifically, the Court provisionally finds that:

(a) The payment of a Gross Settlement Amount of a total of $645,000 is fair, reasonable, and adequate;

(b) The non-monetary relief provided for in the Settlement Agreement, including SLS's permanent cessation of all litigation activity and judgment enforcement against Settlement Class Members (including the dismissal with prejudice of pending collection lawsuits and the filing of satisfactions of judgment), permanent cessation of all Dunning Activity, permanent cessation of payment collection, and SLS's agreement not to sell, assign, or transfer Settlement Class Members' loans, prepare or send any Form 1099-C, or report Settlement Class Members' loans to any credit reporting agency, is fair, reasonable, and adequate;

(c) The Allocation Plan submitted by Class Counsel provides for distribution of payments to the New York Class in a manner that is fair, reasonable, and adequate;

(d) Subject to further information to be provided by Class Counsel in connection with final approval of the Settlement, the anticipated payment to Class Counsel of Approved Attorneys' Fees of an amount to be specified, but which will not exceed $290,000, is fair and reasonable; and

(e) The anticipated Dawson Award of $10,000 to the Named Plaintiff, comprising $9,000 in actual damages and a Service Award of $1,000 to account for her role in litigating the action, is fair, reasonable and adequate.

4. Contribution of Gross Settlement Amount: The Court directs that:

(a) Within thirty (30) days of this Order, SLS will deposit or cause to be deposited $645,000 into the Class Settlement Account.

5. Class Administrator: The Court appoints Atticus Administration, LLC to serve as the Class Administrator, and approves the payment of up to $15,000 in Administration Expenses from the Class Settlement Account. To the extent that Class Counsel and the Class Administrator determine that additional administration costs would be in the best interest of the New York Class, Plaintiff may direct up to $10,000 of the funds allocated to Settlement Class Member Awards in additional Administration Expenses without seeking approval from the Court. In the event Class Counsel wishes to direct additional funds beyond that $10,000 to Administration Expenses, they shall seek approval from the Court.

6. Class Notice: The Court approves the form and content of the Class Notices, attached as Exhibits 5 and 6 to the Declaration of Danielle Tarantolo, as follows:

(a) The Court finds that the Class Notices will fully and accurately inform potential New York Class Members of all material elements of the Settlement Agreement, the right to be excluded from the Settlement Class, and the right to object to the Settlement Agreement.

(b) No later than **December 2, 2026** [sixty (60) days prior to the Objection, Exclusion, and Claim Submission Deadline], the Class Administrator shall distribute the Class Notices to all New York Class Members, and, by no later than that same date, shall cause a website to be established and post a copy of the Class Notices on the website.

(c) The Court finds that the proposed plan to distribute notice ("Notice Plan"), set forth at ¶¶ 36–55 of the Declaration of Danielle Tarantolo, including the dissemination of notice by mail, email, text message, and telephone call, provides the best notice practicable under the circumstances, constitutes due and sufficient notice to the New York Class, and complies with the requirements set forth under Fed. R. Civ. P. 23 and any other applicable law.

(d) Class Counsel and the Class Administrator may make any ministerial amendments to or modifications to the Class Notices, the Notice Plan, and the Allocation Plan, and may create email, text, or postcard versions of the Class Notices, without notice to or approval by the Court, so long as such changes or versions are not materially inconsistent with this Order and do not materially limit the rights of New York Class Members.

(e) The Court expressly authorizes Class Counsel and the Class Administrator to send notice and individualized outreach to Class Members via mail, email, and text message, at Class Counsel's discretion. For the avoidance of doubt, the Court finds that such communications pursuant to this Order constitute court-authorized communications made for the purpose of effecting notice of these proceedings and is not made for any marketing, solicitation, advertising, debt collection, or commercial purpose. Any such telephone calls or text messages made in conformity with this Order and the Notice Plan are deemed authorized by the Court and necessary to effectuate notice to the New York Class. No person acting pursuant to this Order shall incur liability or be subject to any claim based upon the transmission of such court-authorized communications.

(f) In the event that Class Counsel and the Class Administrator, after reviewing responses to the initial mailed and emailed Notices, determine that additional notice via telephone or text message would provide the best practicable notice to certain Class Members who have not submitted Claim Forms, Class Counsel shall identify such Class Members to SLS, and SLS shall provide telephone numbers for such Class Members within five business days.

7. Objections to Settlement: A New York Class Member who wishes to object to the proposed Settlement may do so by filing an objection as set forth below:

(a) A New York Class Member who wishes to object must submit to the Class Administrator a written statement of reasons, including any legal support or

evidentiary support, for their objection and whether the New York Class Member wishes to participate in the Fairness Hearing, postmarked or electronically submitted no later than the Objection, Exclusion, and Claim Submission Deadline.

(b) The Objection, Exclusion, and Claim Submission Deadline shall be **February 2, 2027**.

(c) An objection must include the full name, address, telephone number, email address if available, and signature (including electronic signature) of the New York Class Member, and the name and index number of the above-captioned case.

(d) New York Class Members who intend to appear at the Fairness Hearing should so advise the Class Administrator in their written objection. If a New York Class Member retains counsel to appear on their behalf at the Fairness Hearing, such counsel must file with the Court and serve on Defendant's Counsel and Class Counsel a notice of intention to appear, which must be received on or before the Objection, Exclusion, and Claim Submission Deadline.

(e) The Class Administrator shall send a copy of each objection it receives to Defendant's Counsel and Class Counsel by email promptly after the objection is received, and in no event later than two (2) days after the Objection, Exclusion, and Claim Submission Deadline.

(f) Any New York Class Member who does not submit a valid and timely objection shall be deemed to have waived and forfeited any and all rights

that he or she may have to object and shall be barred from making any objection to the proposed Settlement.

8. Requests for Exclusion: Any New York Class Member may seek to exclude themselves from the Settlement Agreement. Any New York Class Member so excluded shall no longer be a member of the Settlement Class, shall not be bound by the Settlement Agreement, and shall not be entitled to any of its benefits.

   (a) A New York Class Member who wishes to be excluded from the Settlement Class must send to the Class Administrator a request for exclusion postmarked or electronically submitted no later than the Objection, Exclusion, and Claim Submission Deadline.

   (b) A valid request for exclusion must be in writing, and must contain the full name, address, telephone number, email address if available, and signature (including electronic signature) of the New York Class Member, and the name and index number of the above-captioned case.

   (c) The Class Administrator shall send a copy of each request for exclusion it receives to Defendant's Counsel and Class Counsel by email promptly after the request is received, and in no event later than two (2) days after the Objection, Exclusion, and Claim Submission Deadline.

   (d) Any New York Class Member who does not timely submit a valid request for exclusion shall be bound by the terms of the Settlement Agreement as well as the Final Approval Order.

9. Fairness Hearing Participation: New York Class Members who intend to appear and speak at the Fairness Hearing should notify the Class Administrator in writing on or before the

Objection, Exclusion, and Claim Submission Deadline. New York Class Members are not required to provide advance notice in order to attend and observe the Fairness Hearing.

10. Claim Submission: Any New York Class Member seeking a distribution from the Class Settlement Account must send or electronically submit a Claim Form to the Class Administrator postmarked or electronically submitted no later than the Objection, Exclusion, and Claim Submission Deadline. Class Counsel is expressly authorized, in their sole discretion, to allow any New York Class Member who submits a Claim Form after the Objection, Exclusion, and Claim Submission Deadline to receive a distribution from the Class Settlement Account to the extent that allowing such a distribution will not unduly delay the provision of distributions to New York Class Members who timely filed a Claim Form.

11. Fairness Hearing: A Final Approval and Fairness Hearing will be held on **March 10, 2027 at 11:00 A.M.**, at which time the Court will determine whether to grant final approval of the Settlement Agreement, and whether to enter the Final Approval Order.

The Fairness Hearing will be held at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York Courtroom **20D**.

(a) Papers in support of a motion for entry of the Final Approval Order and the petition for Attorneys' Fees shall be filed with the Court on or before **February 19, 2027**. Any responses to objections to the Settlement Agreement or the petition for Attorneys' Fees, and any further papers in support of the motion for entry of the Final Approval Order

or the petition for Attorneys' Fees, shall be filed with the Court on or before **February 26, 2027**.

12. <u>Termination</u>: This Order shall terminate in the event that the Court denies the motion to enter the Final Approval Order following the Fairness Hearing with respect to the Settlement Agreement or if the Settlement Agreement is rejected by the mandate of an appellate court. In such event, the Settlement Agreement shall be null and void and shall have no force or effect, no Party shall be bound by any of its terms, all Parties and New York Class Members shall be restored to their respective positions existing immediately before the Execution Date of the Settlement Agreement, and any order entered by the Court in accordance with the Settlement Agreement shall be treated as vacated.

**SO ORDERED.**

Dated: **November 25, 2026**
New York, New York

**ONA T. WANG**
**UNITED STATES MAGISTRATE JUDGE**